SARTAIN, Judge.
This appeal is limited to the final judgments of the district court maintaining either in whole or in part exceptions of no cause of action raised by three of the several defendants in this case.
*764 The suit arises out of injuries sustained by plaintiff’s minor son when his tent in which he and a young friend, Henry Keen Harrington, were sleeping caught fire, about 3:00 a. m. on June 2, 1967.
The three defendants involved in this appeal are Mr. and Mrs. James W. Harrington and Henry Keen Harrington, Mrs. Harrington’s minor son by a previous marriage, whom Mr. Harrington did not adopt.
It appears that on the afternoon of June 1, 1967, the two boys decided to erect a tent in a vacant lot near their homes and to sleep outside that night. In the fire which occurred several hours later, young Stephen Liddell was seriously injured.
Paragraphs III and IV of the petition allege that, on the night in question, Mrs. Harrington obtained and gave candles to Henry Keen Harrington to be used in and around the tent, that she lit them for him when giving them to him and that the tent later caught fire from the candles.
Paragraph XIV of the petition lists separate claims of negligent omissions or commissions against these three defendants.
The negligence alleged against Mr. James W. Harrington consisted of the following:
“(a) In failing to exercise sufficient control over his premises and family so that a situation was allowed to arise whereby young children were given lighted candles to bring into a tent where they were to sleep without adult supervision;
(b) In failing to have given sufficiently detailed instructions to Mrs. James W. Harrington with regard to not allowing the use of candles or other such instrumentalities by children in the situation set forth hereinabove;
(c) In failing, as the master of the home, to establish and have in use a policy against the use of instru-mentalities, such as lighted candles by children such as Henry Keen Harrington and Stephen Liddell in the situation set forth hereinabove;
(d) In failing to provide adequate supervision and instruction in and around the family home;
(e) In failing to do those things which should have been done and to refrain from doing those things which should not have been done under the circumstances.”
We think the trial judge properly, concluded that those statements are mere conclusions of the petitioner and allege no facts upon which Mr. Harrington personally could be found liable. He is not even alleged to have known anything about the tenting expedition or the candles. Since Henry was not his natural or adopted child or ward, he is not responsible for any tort which Henry may have committed. La.C.C. Art. 2318. There is nothing alleged to connect Mr. Harrington personally to the fire or the injuries which resulted therefrom. The exception of no cause of action raised by him was properly sustained.
The acts of negligence charged to Mrs. Harrington are as follows:
“(a) In obtaining candles, lighting them and giving them to children to be used in and around a tent in the situation set forth hereinabove;
(b) In condoning, allowing and approving of the use of lighted candles by children and thereby leading said children to believe the use of candles was safe in the situation set forth hereinabove;
(c) In failing to instruct the young children with regard to the dangers involved from lighted candles in the situation set forth hereinabove;
(d) In failing to provide adequate adult supervision in and around the family home.”
*765 The trial judge ruled that subparagraph (a)alleged facts which, if proved, could support a finding that the acts were related to the fire and ensuing injuries, but that subparagraphs (b) (c) and (d) stated mere conclusions of the petitioner, as did the allegations against Mr. Harrington; the exception of no cause of action was sustained as to subparagraphs (b), (c) and (d). If it were proved that she gave candles to the boys and if this act would under the circumstances be considered negligent, any discussion and instruction, or lack thereof, in connection with that act should also be admitted. Mrs. Harrington appears as a defendant in her own capacity but may also be liable for any damage occasioned by her minor son. La.C.C. Art. 2318. There is authority under that Article for holding a parent responsible if damage results from an instrumentality which is either inherently dangerous or dangerous in the manner used and which the parent has allowed the minor child to use. Phillips v. D’Amico, 21 So.2d 748 (Orl., La.App.1945). Whether the candles were dangerous in the manner used in this case should be determined from all the facts. If it should be determined that they were dangerous, evidence as to Mrs. Harrington’s acts or omissions relative thereto should be relevant to the issue of her liability, either individually or as the mother of her minor child. The sustaining of her exception of no cause of action as to sub-paragraphs (b), (c) and (d) would preclude the introduction of such evidence and might prejudice the plaintiff’s case against her. Where it is conceivable that liability might be found under the allegations of the petition, if proved, the exception of no cause of action should not be sustained.
The allegations of negligence against the minor Henry Keen Harrington are as follows:
“(a) In running out of the tent without warning Stephen Liddell who was still asleep thereby not allowing Stephen to escape from the burning tent;
(b) In striking the tent and thereby causing it to collapse on Stephen Liddell further preventing him from escaping from the burning tent;
(c) In failing to call for help when Stephen Liddell became trapped in the burning tent;
(d) In failing to assist Stephen Liddell in escaping from the tent;
(e) In failing to do those things which should have been done and to refrain from doing those things which should not have been done under the circumstances.”
The trial judge sustained his exception of no cause of action, reasoning that the conduct alleged occurred after the fire had started and the only actionable negligence in this case, if any, was negligence which caused the fire. We cannot agree. Plaintiff is not merely suing for the loss of the tent but for personal injuries sustained after the fire had begun. While we are aware of the so-called “Good Samaritan” doctrine in tort law, the allegation of subparagraph (b) states a definite act which, if proved, could constitute negligence which contributed to young Liddell’s injuries or worsened his situation. Whether such an act was negligent under the circumstances and whether it caused or contributed to the injuries should be determined in the light of the surrounding facts and circumstances and should not be disposed of on an exception of no cause of action.
For the above and foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action raised by James W. Harrington is affirmed. The judgment sustaining the like exception raised by Mrs. James W. Harrington as to subparagraphs (b), (c) and (d) of the allegations against her is reversed and the judgment sustaining the like exception raised by Henry Keen Har *766 rington is also reversed. The cause as to defendants Mrs. James W. Harrington and Henry Keen Harrington is remanded for a trial on the merits in accordance with the views herein expressed. The cost of this appeal is to he borne by defendants-appellees. All other costs are to await a final determination on the merits.
Affirmed in part, reversed in part and remanded.