335 So.2d 694 (1976)
In re Adoption of William Clifton BAILEY, III, Plaintiff-Appellee,
v.
William Clifton BAILEY, Jr., Defendant-Appellant.
No. 12959.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
Gamm, Greenburg & Kaplan by Michael W. Beam, Shreveport, for defendant-appellant.
James E. Bookter, Bossier City, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied August 3, 1976.
MARVIN, Judge.
Mr. and Mrs. Bailey were divorced on September 6, 1973, and she was awarded custody of her son, then two and one-half years old. Mr. Bailey was ordered to pay child support. A few days after the divorce, Mrs. Bailey married her present husband, Donald Leggett, who is the petitioner-appellee in this adoption proceeding.
Late in 1975, Donald Leggett filed these proceedings to adopt his stepson, alleging that Mr. Bailey had not paid anything for the support of the child for more than one year prior to the institution of the adoption proceeding and that Mr. Bailey's consent to the adoption was not necessary under R.S. 9:422.1. See In Re: Salmon, 318 So.2d 897 (La.App.2d Cir. 1975).
Mr. Bailey contended below and contends here, as appellant from the lower court's decree permitting adoption, that he was "justified" in not making support payments because his ex-wife denied his visitation privileges and "deliberately" made it difficult for him to learn the whereabouts of his ex-wife and child. Mr. Bailey admits that his last payment of child support was about March, 1973, ("right after the rule to show cause [for child support]. . ."). As in Salmon, he attempted to pay or tender all past due child support after the petition for adoption was served on him and contended he had maintained hospitalization insurance for the child.
The maternal, and paternal grandparents for a period of two years prior to the adoption proceeding lived in Bossier City. After the divorce decree of September 6, 1973, the mother and the child have continuously lived in Bossier City. Mr. Bailey's *695 mother knew where Mrs. Leggett and the child were living in December, 1974. The lower court said:
"[Mr. Bailey's] testimony was that he could not locate the mother and the child. This the court finds difficult to believe in view of the fact that his parents were aware of the child's whereabouts. The child's mother's sister's whereabouts was known to the father. He made no inquiry of that individual by his own admission. He had an attorney, he admitted that, he made no inquiry, I believe his testimony was, of that attorney, [sic] He had an attorney and filed no pleadings in this court or any other court for a specific visitation, contempt or otherwise, to enforce visitation. And this court feels he comes within the statute, as harsh as it is, which prohibits this [sic] contesting this adoption. For that reason the court would rule that his opposition to the adoption is overruled. . ."
In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963) tempered R.S. 9:422.1 by holding that the father's failure to comply with a support order may sometimes be justified because of reasons beyond his control. The issue of justification, however, has to depend on the facts peculiar to each case. See Ackenhausen at 154 So.2d 383.
Tender of past due support after the adoption proceeding is filed is ineffective for the purposes of negating R.S. 9:422.1. See Salmon, 318 So.2d 901. We there recognized the "extreme consequences" of applying this statute, but held that we "must conclude that in accord with R.S. 9:422.1 and the controlling jurisprudence, there is no manifest error in the judgment . . . appealed from." That language is appropriate to the circumstances here.
At appellant's cost, judgment is
AFFIRMED.