377 So.2d 459 (1979)
In re James R. DABOVAL, III, Applying for Adoption of Ryan Michael Perez.
No. 10681.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
Rehearing Denied December 17, 1979.
Writ Refused February 15, 1980.
Tillery & Potts, A. Scott Tillery, Chalmette, for plaintiff-appellant.
Edward S. Bopp, Ronald A. Welcker, Arabi, for defendant-appellee.
Before REDMANN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
This is a stepparent adoption under R.S. 9:422.1. The stepfather has appealed from a judgment dismissing his suit because the legitimate father's failure to comply with a *460 court order of support was caused by circumstances beyond his control. The principal issues on appeal are (1) whether the father's inability to work at the time the support order was rendered because of long-standing drug addiction constituted circumstances beyond his control justifying his failure to provide support and (2) whether the time between the date of filing suit and the date of trial may be considered as part of the one-year period for determining the applicability of the statute.
The child was born on June 24, 1973, when both parents were 19 years old. The parents were divorced in March, 1977 by a judgment which ordered the father to pay child support of $100.00 per month through the clerk of court's office. The judgment was rendered in open court, with the father present.
The father made only one payment, to the clerk in May, 1977, and this suit was filed in July, 1978. The father defended the suit on the basis that his failure to make further payments was caused by his inability to maintain employment because of long-standing drug addiction, which he finally overcame in November, 1977, eight months before this suit was filed.
The father testified: He began taking heroin at age 13 and became addicted at age 17. He had sought medical care off and on since 1973, and eventually he underwent extensive treatment in combating heroin addiction, including a daily program of methadone maintenance from October 1976 through November, 1977. During that program he became addicted to methadone after substantially breaking the heroin habit, and he was unable to maintain employment because his body needed methadone at 10:00 a. m. each day. He finally overcame the methadone addiction when he spent 15 days in jail on a mistaken charge. He did not have any desire for drugs nor did he take any drugs after November, 1977.
A psychiatrist, who had treated the father since 1973 and had supervised his methadone maintenance program, verified that heroin dependency and associated anxiety and psychiatric problems had contributed to his inability to work steadily. The doctor opined that the methadone treatment should not have impaired the father's ability to maintain employment, although consistent anxiety and emotional turmoil may have been contributing factors. However, he had not seen the father since November, 1977.
Although the father's work pattern was sketchy prior to November, 1977, he worked fairly steadily from then through the date of trial in December, 1978.[1] While he had offered money for the child directly to the mother about three times shortly after the divorce (which the wife had refused), he had not attempted to contribute to the child's support from the time he began working steadily in November, 1977 until the December, 1978 trial.
Thus, as to the period from the time of the issuance of the support order (March, 1977) until November, 1977, the record does support the trial court's finding that the father was unable to support the child because of heroin addiction which had begun by his voluntary action, but which was of such long standing (prior to his marriage) that it may be regarded as a circumstance beyond his control. However, the record further establishes beyond doubt that the father was free of heroin and methadone addiction from November, 1977 through the time of filing of this suit in July, 1978 and up until time of trial in December, 1978, and that he was steadily employed during that period of time. Neither the medical nor the lay evidence provides any justification for his total failure to contribute to the child's support during that time.[2] Accordingly, the record establishes *461 an unjustified failure to provide support for eight months prior to the date of filing of this suit and for more than a year prior to the date of trial. Thus, the critical legal issue framed by these facts is whether R.S. 9:422.1's year of non-support is calculated as of the date of filing suit or as of the date of trial.
The scheme of the adoption statute contemplates that the consent of each legitimate parent is necessary for an adoption. R.S. 9:422.1, which constitutes an exception to the general scheme, recognizes that a parent may forfeit his parental rights and accordingly dispenses with the necessity of consent when certain statutory requirements are met. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963).
The critical time for determining whether a legitimate parent has consented to the child's adoption is the date of the hearing.[3] By logical analogy the time for determining the applicability of a statute which dispenses with consent is also the date of the hearing. And on the date of the hearing in the present case the statutory requirements for dispensing with consent had been fulfilled.
Using another approach, we observe that petitioner on the day of trial could have filed a supplemental petition alleging the father's continuing failure to provide support. The trial court, faced with a request to file such a supplemental petition, could properly have granted a continuance to allow the father to obtain evidence in order to meet such allegations. (C.C.P. art. 1154), but the trial court could not reasonably have required petitioner to file a completely new suit and incur the delay attendant to going back through the entire pre-trial procedures.
We conclude that the evidence of non-support through December, 1978 is proper for consideration in this case. When that evidence is considered, the requirements of R.S. 9:422.1 have been fulfilled. The judgment dismissing the petition for adoption, on the basis that the legitimate father's consent was necessary, must be set aside.
Accordingly, the judgment of the trial court is set aside, and it is now ordered that the matter be remanded to the trial court for consideration of the petition for adoption, without the necessity of the consent of the legitimate parent.[4]
SET ASIDE AND REMANDED.
NOTES
[1] He worked in a clothing store from December, 1977 through April, 1978, was unemployed for two months, then worked at a hotel for about three months, and had been working at a restaurant for a month at time of trial.
[2] While the record portrays a father aided by loving parents in a battle to overcome severe drug addiction which broke up his family and almost destroyed him, it shows virtually no effort by the father, after attaining freedom from drug addiction and establishing relatively steady employment, to communicate with the child or to assist in his financial support.
[3] When the court conducts a hearing and renders an interlocutory decree based on consent, the parent may not thereafter withdraw his consent so as to bar the adoption. R.S. 9:429. In adoptions in which the spouse of the petitioner is a legitimate parent of the child, the interlocutory decrees is dispensed with and the court may render a final decree at the first hearing.
[4] The best interest of the child is the ultimate consideration in the determination of whether an adoption should be granted. Because of the ruling on the necessity of the father's consent, the trial court in this case did not reach that consideration.