MARCUS, Justice.*
James Dillon filed this suit against defendants seeking damages for personal in *345 juries sustained by him when his automobile was hit from the rear by another vehicle. Defendants stipulated to liability. The sole issue at trial was the amount of damages to be awarded. After trial on the merits, the trial judge rendered judgment in favor of plaintiff and against defendants in the sum of $15,000 for personal injuries, $13,753 for loss of earnings, $2,120 for medical expenses, together with interest from date of judgment until paid and all costs, including expert witness fees which were fixed in the judgment. Defendant appealed and plaintiff answered the appeal. The court of appeal affirmed the judgment of the trial court fixing the awards for pain and suffering and medical expenses but reversed the judgment as to the award for loss of wages. It amended the judgment by awarding plaintiff interest from the date of demand until paid and by eliminating the expert witness fees previously paid by the defendants.[1] On plaintiff’s application, we granted certiorari to review the correctness of this decision.[2]
Plaintiff felt pain in his back immediately after the accident on July 8, 1976. Despite the fact that the pain became more severe, he returned to his work as a shipyard welder four days later. Plaintiff consulted a chiropractor who diagnosed his problem as muscle strain and treated him for about two months before discharging him as asymptomatic. The back pains did not cease, but plaintiff continued to work, having co-employees assist him with heavy lifting.
Plaintiff did not seek further medical treatment until March 7, 1977, when he consulted an orthopedic surgeon, Dr. Ralph Gessner, who treated him regularly for what was diagnosed as chronic lumbosacral strain. Plaintiff was fitted with a surgical corset and returned to work. On March 17, 1977, plaintiff’s employer’s first aid department discovered that he was suffering pain from a back injury and wearing the surgical corset. As a result, his employer forced him to go on disability leave “until his condition resolved.” Although Dr. Gessner told plaintiff he could work on “light duty,” the employer informed him that there was no light duty available.
In May 1977, plaintiff was hospitalized for his back pains. He was placed in traction and underwent a myelogram which was negative. Plaintiff was discharged from the hospital after one week. Plaintiff’s doctor recommended exploratory surgery to check for a possible herniated disc, but plaintiff refused to undergo surgery unless it was absolutely necessary. In November 1977, plaintiff was examined by Dr. Harold Stokes who concluded that there were no signs from which a diagnosis of a herniated disc could be made, as plaintiff’s subjective complaints of pain were the only indication of back problems. Both Dr. Gessner and Dr. Stokes noted at trial on March 31, 1978, that there were no objective findings to prevent plaintiff from working at his trade as a welder.
The trial judge concluded that plaintiff had suffered a lumbosacral strain and considered that an award of $15,000 would be adequate to compensate him for his pain, suffering and mental anguish; he further awarded plaintiff the sum of $13,753 to cover his loss of wages from the date of discharge by his employer on March 17, 1977, until the day of trial. He considered that plaintiff was unable to work during this period as a result of his injury in the accident. Medical expenses were fixed at $2,120. He noted in his written reasons for judgment that the medical evidence negated plaintiff’s claims “as to permanent disability and future loss of earnings.”
The court of appeal affirmed the awards for pain and suffering and medical expenses and the denial of plaintiff’s claims for permanent disability and future loss of earnings, but reversed the award of $13,753 for loss of wages covering the period from March 17, 1977 (date of discharge by plaintiff’s employer) until the day of trial, finding that plaintiff had not adequately proven that he was unable to work during that *346 period. We granted certiorari primarily to consider that ruling.
Our review of the record convinces us that plaintiff worked in pain from the time he returned to work four days after the accident until discharged by his employer on March 17, 1977. During this period, he was assisted in his work by fellow employees. He stated that he continued to work despite his pain in order to maintain his seniority with his employer for whom he had worked since 1967 and to support his wife and children. We are further convinced that plaintiff adequately proved that the injury sustained by him in the accident prevented him from working from the date of his discharge by his employer to the date of trial, thus entitling him to recover loss of wages during that period. We do not consider the fact that his employer discharged him when they discovered that he was working in pain and wearing a surgical corset forms any basis for denying recovery. On the contrary, we consider that it supports our conclusion that plaintiff was unable to work during the period subsequent to his discharge. Under the circumstances, we do not consider that the trial judge was clearly wrong in allowing recovery for loss of wages. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Hence, the court of appeal erred in holding otherwise. The other findings of fact by the trial judge which were affirmed by the court of appeal are fully supported by the record.
Plaintiff also seeks reimbursement for damage done to his car in the collision. Neither the trial court nor the court of appeal mentioned this item of damage. As defendants correctly point out, plaintiff’s original and amending petition make no mention of property damage. While La. Code Civ.P. art. 861 provides that, when items of special damage are claimed, they shall be specifically alleged, we nonetheless believe that, based upon the record before us, plaintiff should be granted the relief to which he is entitled under the authority of art. 862 of the Code of Civil Procedure.[3]
Plaintiff testified that the estimate to repair the damage to his automobile was $650.54. An attempt was made at that time to introduce the written estimate of the repairs in evidence. Defendant objected solely on the ground of hearsay. Subject to defendant’s objection, the estimate was permitted to be received in evidence. Plaintiff subsequently offered the testimony of the repairman who made the estimate. He stated that the cost to repair plaintiff’s automobile was $650.54. We consider that defendant’s failure to object on the ground that plaintiff was not entitled to an item of special damage not specifically alleged combined with the nature of his objection at the time the estimate was first offered in evidence constitutes an implied consent on the part of defendant to place the issue of property damage before the court for its consideration. While the estimate was not made until more than sixteen months after the accident (November 9, 1977), we consider that plaintiff sufficiently proved this item of damage to allow recovery. Hence, the courts below erred in omitting this item of damage from the judgment.
DECREE
The judgment of the court of appeal is reversed insofar as it denied the award of $13,753 for loss of wages, and the judgment of the trial court as to this award is reinstated. It is further ordered that the judgment of the court of appeal is amended to include the sum of $650.54 for repairs to plaintiff’s automobile. In all other respects, the judgment of the court of appeal is affirmed.

 Chief Judge FREDERICK S. ELLIS participated in this decision as an Associate Justice Ad Hoc.

. 375 So.2d 742 (La.App. 4th Cir. 1979).

. 377 So.2d 1251 (La.1979).

. La.Code Civ.P. art. 862 provides in pertinent part:
[A] final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.