HALL, Judge.
After appellant was convicted on March 14, 1979 of driving while intoxicated (his third conviction for that offense), he was notified by the Department of Public Safety that his driving privileges would be suspended for a period of one year. Within 30 days after receipt of the notice appellant filed suit in the district court to enjoin the suspension and, alternatively, for an order requiring the Department to issue him a restricted driver’s license in accordance with LSA-R.S. 32:415.1.[1] The Department denied appellant’s entitlement to a restricted license because defendant’s license had allegedly been suspended on prior occasions and defendant had been issued a restricted license on a previous occasion, rendering him ineligible to receive a restricted license under the statute. The Department also denied appellant’s allegations that revocation of his driving privileges would deprive him or his family of the necessities of life or would prevent him from earning a livelihood.
After trial the district court held that appellant was not entitled to a restricted license under the provisions of the statute because of the prior suspensions and receipt of a restricted license and, additionally, because the evidence did not establish that revocation of the license would prevent appellant from earning a livelihood. Appellant appealed.
On appeal appellant contends that LSA-R.S. 32:415.1 is unconstitutional in that it makes no distinction as to the type of previous suspension which would bar the granting of a restricted driver’s license and because the statute sets no time limitation between the prior suspension and the latest suspension which is the basis for the application for the restricted license. Appellant further contends that he should not be barred from invoking the provisions of the statute because the prior suspension and issuance of a restricted license occurred after the date of the offense for which his license is currently being suspended, though prior to the conviction for that offense.[2]
*896 The plea of unconstitutionality need not be considered by this court because it was not raised in the district court and also because it would gain appellant nothing to have the statute under which he seeks relief from the mandatory suspension required by LSA-R.S. 32:414 B(2) declared null.
It is also unnecessary for this court to consider the correctness of the trial court’s ruling that appellant is barred from receiving a restricted license because of pri- or suspensions and issuance of a restricted license. Assuming that appellant is otherwise entitled to seek the issuance of a restricted license under the statute, we nevertheless find no error or abuse of discretion in the trial court’s determination that plaintiff failed to establish the revocation of his license would prevent him from earning a livelihood or deprive him or his family of the necessities of life.
Appellant, an automobile salesman, testified that it was necessary for him to be able to drive a car to and from work and to be able to drive in the course of his work in order to demonstrate cars, deliver cars, pick up cars at other dealers, and the like. He testified that if he were unable to drive, his job would be terminated. However, when questioned, he testified that he had not discussed the situation with his employer and had not been told he would be terminated. The employer was not called as a witness. The trial court found that although it might bé a handicap for a car salesman not to be able to drive, appellant’s fear of losing his job was speculation.
The statute gives the district court discretion in these matters. We find no abuse of discretion.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.

. LSA-R.S. 32:415.1:
“A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family. .
“C. . . The restricted driving privileges for this Section may be allowed to a person only once." (Emphasis supplied)

. After appellant’s second conviction for DWI in August, 1977, notice of suspension was sent *896 to him by certified mail, at his last address, but he never received the notice and never surrendered his license. Appellant’s license was suspended for refusal to take a blood alcohol test when arrested for DWI on January 23, 1978 (the same offense for which he was convicted on March 14, 1979) under LSA-R.S. 32:661, et seq., after which he petitioned for and was issued a restricted license by the court on May 25, 1978.