PRICE, Judge.
Plaintiff appeals a judgment denying her demand for a restricted driver’s license under La. R.S. 32:415.1. We affirm.
In the latter part of 1979 plaintiff was convicted of second offense driving while intoxicated and subsequently received notice of a one-year suspension of her driver’s license under R.S. 32:414B(2). She had been convicted on the same charge in 1974 and had received a prior one-year license suspension at that time.
After receiving notice of the suspension plaintiff filed a rule to show cause why she should not be issued a restricted driver’s license under R.S. 32:415.1. The trial court ruled she was not entitled to the relief sought since under R.S. 32:415.1 a restricted license may only be issued in connection with a first — time suspension.
Plaintiff appeals contending R.S. 32:415.1 is unconstitutional in that it makes no distinction as to the type of previous suspension which would bar the granting of a restricted license and because the statute sets no time limitation between the prior suspension and the latest suspension which is the basis for the application for the restricted license.
Since this plea of unconstitutionality was not raised in the district court and since it would gain appellant nothing to have the statute under which she seeks relief from the mandatory suspension required by R.S. *135 32:414B(2) declared null, we find it unnecessary to consider these contentions. See Rankin v. State of La. Through the Dept. of Public Safety, 385 So.2d 894 (La.App.2d Cir. 1980).
The Judgment is affirmed at appellant’s costs.