DOMENGEAUX, Judge.
Brandi Lynne Newman was born November 11, 1978. Her mother, Lynne McCom-mon Newman, was killed by Brandi Lynne’s father, Glen Dale Newman, on April 2, 1979. The father was subsequently convicted of manslaughter for the death of his wife and was sentenced to twenty-one years at hard labor. He is presently confined in the state penitentiary at Angola.
On April 5, 1979, the Bossier City Court granted custody of Brandi Lynne to her uncle, James Richard Whitten, and his wife, Judith Elaine Whitten. The deceased mother was Mr. Whitten’s sister.
On November 27,1979, the Whittens filed a petition for adoption in the Tenth Judicial District Court. Petitioners desire to adopt Brandi Lynne. A hearing was set for January 22, 1980. On January 18, 1980, Glen Newman, through counsel, filed an answer to the petition for adoption, stating that he had no objection to the Whittens’ retention of custody, but he did not give his consent to the adoption of his daughter. A request for a continuation filed by his attorney was denied.
The adoption hearing was held in chambers on January 22nd by the district judge who, on that day, granted the adoption “for the reasons this day orally assigned, that the adoption is for the best interest for [sic] the child”, and authorized that the child’s name be changed to Brandi Lynne Whitten.
Before an adoption can be granted, the consent of the legitimate parents is necessary, except in those limited instances where parental consent has been dispensed with by law. Adoption of Latiolais, 376 So.2d 555 (La.App. 3rd Cir. 1979), aff’d 384 So.2d 377 (La.1980); Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir. 1977). La.R.S. 9:422.1 provides circumstances under which a child may be adopted without the consent of one of the legitimate parents. That statute provides:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.”
Our Courts have recognized that La. R.S. 9:422.1 and other adoption statutes are *46 to be strictly construed because they are in derogation of the natural rights of a legitimate parent to the child and of the child to the parents. Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966); Haynes v. Mangham, 375 So.2d 103 (La.1979); Adoption of Edwards, 369 So.2d 210 (La.App. 3rd Cir. 1979).
A cursory reading of R.S. 9:422.1 reveals that the consent of the non-supporting spouse is not required only if the petitioner seeking adoption is a step-parent or a grandparent or grandparents. Thus, unless the petitioner is a step-parent or a grandparent, the consent of the non-supporting legitimate parent must still be obtained before an adoption can be approved. The statute does not dispense with the consent of the non-supporting parent when the petitioners are an uncle and his wife. Had the legislature intended the statute to encompass such a class of persons (aunts and uncles) it would have expressly included them, instead of deliberately narrowing the class of persons to whom the statute was available.
The trial judge stated that the adoption would be in the best interest of the child, Brandi Lynne. While we recognize, as did the trial judge, that the Whittens are hardworking responsible people who would, in all probability, provide Brandi Lynne with a fine home and healthy environment, we are nevertheless constrained to hold that the trial judge’s decision to grant the adoption, over the specific objection of the natural father, is simply not permitted by any law, and for that reason must be and is hereby reversed. Our decision in no way is meant to deprive the Whittens of the custody they now have of the infant, Brandi Lynne Newman.
For the above and foregoing reasons the judgment of the District Court which authorized the adoption of the infant Brandi Lynne Newman, and which further authorized the changing of said infant’s name to Brandi Lynne Whitten is reversed, and the petition for adoption filed by Mr. and Mrs. Whitten is hereby ordered dismissed.
Costs at trial and on appeal are assessed against petitioners.

REVERSED AND RENDERED.