PRICE, Judge.
Plaintiff filed this suit for restricted driving privileges after suspension of his driver’s license by the defendant upon his conviction for DWI and was granted such privileges on economic hardship grounds by the district court. Defendant appeals.
This case arises from plaintiff’s conviction on charges of DWI and violation of the revocation of his license on November 20, 1980. Defendant suspended his license pursuant to La.R.S. 32:414 and plaintiff filed a petition for a restricted license after receiving no relief through administrative proceedings.
Defendant filed an answer at the hearing on this matter with an attached certified copy of plaintiff’s record showing traffic convictions and drivers license suspensions for the previous five years. While this exhibit was not offered into evidence, plaintiff testified as to that portion of its contents the department maintains is relevant *955 to these proceedings. That is, he admitted he had previously been convicted of a DWI offense in Bastrop City Court on July 2, 1979. He also testified that his driver’s license had been suspended for six months under La.R.S. 32:667 for refusal to take the photoelectric intoximeter test in connection with that incident.[1]
Defendant argues that this earlier suspension precludes plaintiff from seeking restricted driving privileges because La.R.S. 32:415.1 authorizing such privileges applies only upon one’s first suspension. It contends first that plaintiff’s petition failed to state a cause of action because he did not and could not allege that the present suspension was his first. However, no such exception was filed in the trial court and evidence was taken without objection, including testimony with regard to the issue of a previous suspension. The pleadings have thus been effectively amended and we find it unnecessary to determine whether plaintiff’s petition states a cause of action as written. See Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960).
Defendant alternatively argues that the trial court erred as a factual matter in granting restricted driving privileges under La.R.S. 32:415.1 to a plaintiff whose license has been suspended more than once. That statute provides as follows:
A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family.
Although plaintiff did not see fit to provide this court with a brief, he apparently contends that a suspension under La.R.S. 32:667 does not constitute a previous suspension within the language of La.R.S. 32:415.1 since it refers only to suspension as provided for under La.R.S. 32:414 and 415. In our view, even if the 667 suspension is not considered a first suspension under the economic hardship statute 32:415.1 and petitioner is entitled to apply for limited driving privileges, plaintiff failed to establish that revocation of his driving privileges will deprive him or his family of the necessities of life or prevent him from earning a livelihood.
Plaintiff’s testimony was the only evidence adduced at trial. He testified that he is divorced and has one child for whom he owes child support of $150 a month. He is employed as superintendent by Ouachita Valley Construction, a corporation in which he is fifty percent owner. Plaintiff in effect runs the company and receives an annual salary of approximately $20,000. The company performs construction work on roads, bridges, oil wells, and the like in the northeast area of the state and plaintiff supervises the work of his five-man crew on the various jobs.
Plaintiff testified he needs driving privileges to get to the job site in order to perform his duties. However, he also testified he has at least one employee, a laborer, who could drive him to and from the site when he is not doing anything else. In fact, he has done so in the past. This court is not convinced under these circumstances *956 that petitioner could not make some arrangement for transportation which would enable him to continue to fulfill his duties as supervisor in his own corporation.
The trial court was clearly wrong in concluding petitioner established that revocation of his license would prevent him from earning a livelihood or deprive him or his family of the necessities of life. See Arcen-eaux v. Domingue, 365 So.2d 1330 (La.1978); Rankin v. State, Department of Public Safety, 385 So.2d 894 (La.App. 2nd Cir.1980). Considering the state of plaintiffs driving record, which was admitted at trial, and the failure to sustain his burden of proof, we find the trial court abused its discretion in granting this plaintiff restricted driving privileges.
For the reasons assigned, the judgment appealed is REVERSED. All costs of this appeal are assessed against plaintiff-appel-lee.
REVERSED.

. It is evident plaintiffs license was under revocation at the time of this latest offense of November 1980 for which the department has now suspended his license inasmuch as he was convicted of violating that revocation, but the grounds therefor are not discernible from the rather meager record.