ARMSTRONG, Judge.
Guy Dussouy, the step-father of the minor child herein, is appealing the trial court’s denial of his petition for adoption.
The record reflects that John Shroeder and the now Mary Dussouy were married in July 1973, legally separated in June 1978 and divorced in December 1979. The minor herein was born on September 25, 1975 of that marriage. The June 1978 judgment of separation provided for Shroeder to pay twenty-five dollars per week child support and to have reasonable visitation with the child.
Shroeder complied with the support order for several weeks following its issuance but then stopped making payments. In October 1978 Mrs. Dussouy filed a rule for past due child support, and on November 27,1978 she obtained a judgment in her *251 favor in the amount of $350.00, which amount was to be paid at the rate of ten dollars per week in addition to the twenty-five dollars per week support payments. Payments were to be made through the St. Bernard Parish Clerk of Court’s Office. On November 27, 1978 Mrs. Dussouy received one hundred dollars, and on December 18, 1978 she received $70.00. Mrs. Dussouy testified that between December 18, 1978 and November 16, 1982, the date on which the petition for adoption was filed, Shroeder made no payments. Since November 16,1982, the date of the filing of this adoption petition, Shroeder has tendered to Mrs. Dussouy, through her attorney, checks totalling $3,425.00. Mrs. Dus-souy, however, has refused to cash the cheeks as she feared such would jeopardize the adoption.
The child’s paternal grandfather testified that on several occasions he sent the child, by way of her maternal grandmother, clothes and money. He further testified that he had advised Shroeder to do the same but that Shroeder had failed to follow this advice.
At trial Shroeder testified that while he was working he paid support and that when he was unemployed he paid what he could. He asserted that he paid Mrs. Dus-souy $400.00 in early January 1979 and $25 in mid-1980. He admitted, however, that the 1980 payment was the last payment he made prior to the filing of the adoption petition. He testified that he began working on February 16, 1981, but he claimed that he did not make payments to Mrs. Dussouy because she had refused some prior payments and because he did not know how to get in touch with her. Shroe-der admitted, however, that he knew his payments were to have been made through the clerk’s office. He also admitted that he made no effort to contact his attorney in order to ascertain Mrs. Dussouy’s whereabouts.
With respect to visitation, Mrs. Dussouy testified that Shroeder last saw his phild in May 1980. In June 1980 he attempted to see the child but was unable to do so as Mrs. Dussouy had already made plans for that particular day. In August 1980 Mrs. Dussouy married petitioner, but she did not tell Shroeder either her new name or address in part because he had not attempted to visit the child since June 1980 and further because she thought he knew her husband’s last name.
In August 1981 Shroeder filed a Rule To Enforce Visitation, but due to his failure to appear for the hearing on the rule the matter was reset to January 29, 1982 and later reset a second time to December 23, 1982. At trial Shroeder testified that he had missed the hearing due to his inability to get off work.
On November 16, 1982 Dussouy filed the instant petition for adoption alleging that the child’s natural father, Shroeder, had failed or refused to visit or communicate with the child for a period of two years and, further, that Shroeder had failed to comply, for a period of one year, with a court order of child support.
In denying appellant’s petition for adoption, the trial court found that in filing a rule to enforce visitation, Shroeder had taken sufficient steps to visit his child so as to defeat the application of LSA-R.S. 9:422.1[1]. With respect to the nonpayment *252 of child support, the court ruled that because Shroeder had made payments prior to the hearing on the adoption petition, his consent was necessary for the adoption. Without ruling upon whether Shroeder’s efforts at visiting his child were sufficient to avoid the application of LSA-R.S. 9:422.-1, we find reversible error in the trial court’s ruling relative to Shroeder’s child support payments.
For the purposes of establishing' the one year time period of LSA-R.S. 9:422.1(1), it is clear that the date of filing the petition is determinative. Haynes v. Mangham, 375 So.2d 103 (La.1979); Bailey v. Bailey, 335 So.2d 694 (La.App. 2nd Cir. 1976). It has long been held that to allow a parent to defeat the provisions of R.S. 9:422.1 by making payments in the twelfth month would be to render the statute meaningless and ineffective. In Re La Fitte, 247 La. 856, 174 So.2d 804 (1965). Payments tendered, therefore, after a petition for adoption has been filed can not serve to negate the purposes of R.S. 9:422.-1. Bailey, supra.
In the instant case the trial court relied heavily on the decision in In Re Daboval, 377 So.2d 459 (La.App. 4th Cir.1979), writ denied, 380 So.2d 101 (La.1980). In Dabo-val, a father was ordered in March 1977 to pay child support in the amount of $100.00 per month. He made one payment in May 1977. Suit was filed in July 1978 and trial was held in December 1978. The father argued that because he had been a drug addict from March 1977 to November 1977, that period of time should not be considered in determining whether the provisions of R.S. 9:422.1 were applicable. Under this argument, because less than a year had elapsed between November 1977 and July 1978, the date suit was filed, the grounds for the application of R.S. 9:422.1 did not exist. In Daboval, therefore, the court had to determine whether, for the purposes of LSA-R.S. 9:422.1, the one year of nonsupport had to elapse prior to the filing of the petition for adoption or whether nonsupport continuing up to the date of the hearing could also be considered.
We do not interpret the holding in Dabo-val, that the date of the hearing is determinative, as meaning that a parent can defeat the application of R.S. 9:422.1 by making payments after the petition for adoption is filed but prior to the hearing on the petition. Rather, Daboval stands for the proposition that when a parent has failed to support his or her child continually for a period of one year prior to the hearing on the petition for adoption, that parent has forfeited his or her right to prevent the adoption by withholding consent.
In the instant case, Shroeder had failed to pay child support for at least two years prior to the filing of the petition. The grounds for the application of R.S. 9:422.1 existed, therefore, prior to the filing of the petition.
We believe that the holding herein that support payments made after the filing of an adoption petition should not be considered in determining the applicability of R.S. 9:422.1, is consistent with the decision of Daboval as each attempts to further the legislative intent behind said statute, to-wit: to encourage parental responsibility. In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (La.1963).
Accordingly, the trial court’s denial of the petition for adoption is reversed. Because the question of whether the adoption is in the best interests of the child was not reached, the case is remanded for determination of that question. Daboval, supra.
REVERSED AND REMANDED.

. The petition herein was filed in November 1982 and, at that time, the relevant adoption statutes, LSA-R.S. 9:422 and 9:422.1, provided as follows:
§ 422. Persons who may petition for adoption
A single person eighteen years or older, or a married couple jointly, may petition to adopt a child. When one joint petitioner dies, proceedings may continue as though the survivor was a single original petitioner. If one of the spouses is the legitimate parent of the child to be adopted the other spouse may adopt the child with the written consent of the legitimate parent who need not join in the petition nor be served with a copy thereof. A judgment of adoption awarded to one spouse shall not alter the relationship of the child to the spouse who is the legitimate parent.
§ 422.1 Adoptions by stepparent, grandparent; consent.
If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate par *252 ent is not necessary when the spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1)The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.
(3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child, without just cause, for a period of two years.