FRED W. JONES, Jr., Judge.
Finding that the opposing father’s consent was necessary to an adoption, the juvenile court rejected a stepfather’s petition to adopt his stepdaughter. The stepparent appealed the judgment, contending the trial judge erred in concluding that the father’s consent was required despite the fact that he had failed to support the child as directed by court order and had not attempted to communicate with the child in over two years.
La.R.S. 9:422.1 permits a stepparent to adopt a stepchild, without the consent of a non-custodial parent, if the spouse of the stepparent has been granted custody of the child by a court of competent jurisdiction and the non-custodial parent has either failed to comply with a court order of support for a period of one year or has failed or refused to visit, communicate with, or attempt to communicate with the child without just cause for a period of two years.
The jurisprudence has added these additional requirements: (1) failure to pay child support must have been without just cause, see In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); and (2) the adoption must be in the best interest of the child, see Adoption of Latiolais, 384 So.2d 377 (La.1980).
In this case Richard and Deborah Fletcher were divorced in June 1978. Custody of their daughter Stephanie (born August 1975) was awarded to the mother and the father was ordered to pay monthly child support in the sum of $100.
The mother married Arthur Thompson in December 1978. The latter filed this action for adoption in January 1985.
*155 It is clear from the record that from approximately September 1979 until Thompson’s petition for adoption was filed, Fletcher failed to provide any support for his daughter. Furthermore, since Christmas 1979 the father did not communicate with or visit his daughter or attempt to do either of the two. Was there just cause for these failures?
Once nonpayment of child support has been demonstrated, the natural parent bears the burden of showing just cause for the failure. In re Glass Applying for Adoption, 424 So.2d 383 (La.App.2d Cir.1982). The evidence here revealed that in early 1979 the Thompsons moved to North Carolina where the stepfather served in the Marines. Fletcher conceded that he possessed their address, but stopped remitting support payments around September 1979 because the checks were not being cashed. Inquiry was made to Thompson’s military commander and North Carolina social welfare authorities, who assured Fletcher that his daughter was being properly cared for. Mrs. Thompson admitted receiving several checks for support from Fletcher, but declined to cash them until directed to do so by her husband’s military commander.
Fletcher stated that he sent a Christmas card in 1979 to his daughter in North Carolina and it was returned to him as undeliverable. Efforts to learn his daughter’s address from his former wife’s parents proved futile. Fletcher testified that he assumed his ex-wife would get in touch with him about the back child support payments when she returned to the area. Consequently, he made no further efforts to learn her whereabouts.
On the other hand, Thompson testified that the support payments simply ceased arriving in September 1979. He stated that he had worked in the mail department at the North Carolina military base and that any mail addressed to him would have been received. The Thompson family returned to live in the Shreveport area in 1981. They purchased a home and were listed in the telephone book. Stephanie frequently spent weekends at the home of her grandparents, where she could have been easily seen by her father. Fletcher never communicated with or visited his daughter despite ample opportunity to do so.
After the adoption petition was filed, Fletcher appeared at the grandparents’ residence and tendered support payments, which were rejected. This action by Fletcher did not serve to negate the effect of La.R.S. 9:422.1. See Bailey v. Bailey, 335 So.2d 694 (La.App.2d Cir.1976).
Based upon the record evidence, we disagree with the juvenile judge’s conclusion that Fletcher was justified in his failure to make child support payments and to communicate with his daughter. He simply ceased sending child support checks in September 1979 and did not make serious efforts through his daughter’s grandparents to learn her whereabouts. Consequently, under the cited statutory provisions the consent of Fletcher to the adoption was not required.
However, as previously noted, even though the father’s consent to adoption may not be required, that adoption must still be in the best interest of the child. Because of his determination that consent was required, the juvenile judge did not consider this nor does the record contain facts upon which we can make an independent finding. For that reason the case must be remanded for taking of evidence on that question and a finding by the trial judge on the issue.

Decree

For the reasons expressed, the judgment of the juvenile judge is vacated and the case is remanded to the juvenile court for a determination of whether this adoption is in the best interest of the minor child, and to render a judgment consistent therewith. Cost of this appeal is assessed to Richard Fletcher; trial costs will be determined by the decision of the juvenile judge.