HIGHTOWER, Judge.
This is an appeal from the denial of a minor child’s adoption, sought by his father’s niece and her husband, to whom physical custody had been relinquished.
FACTS
The child was born to Carl and Laura Bassinger, who married in February of 1980. In November of that year, the mother, now Mrs. Juris, exited the marital domicile, leaving their child, known as Jay, with his father. The two were divorced in 1982 with Mr. Bassinger being awarded custody. In August of 1986, Jay became seriously ill. The father’s niece and her husband, the Tripps, remained with the child during thirty days of hospitalization, while Mrs. Juris visited on only two occasions. Upon leaving the hospital, Jay went home with the Tripps since his father felt physically unable to properly care for him.
On October 29, 1987, the father signed an act surrendering the child in favor of the Tripps. A few days later they petitioned for adoption, which was opposed by Mrs. Juris. The trial court denied the adoption based upon lack of the mother’s consent, but awarded custody to the Tripps, finding that to be in the child’s best interest. Because the mother’s contact with the child bordered on abandonment and her relationship with him had been minimal, the court refused to allow the child to return to her. Nevertheless she was allowed reasonable visitation rights with the provision that, should she fail to establish reasonable contact with the child, the court would order abandonment proceedings instituted against her. A decree of abandonment, of course, would terminate all parental rights and obviate consent to adoption. LSA-R.S. 9:404; Rodden v. Davis, 293 So.2d 578 (La.App. 3rd Cir.1974), writ denied, 296 So.2d 832 (La.1974).
The Tripps assert in their appeal that the trial court erred in failing, due to lack of the mother’s consent, to grant the adoption decree when clearly it was in the best interest 0f the child.
DISCUSSION
Statutory provisions concerning adoption include LSA-R.S. 9:432(B), which states in pertinent part:
The court, after hearing and after taking into consideration information from all sources concerning the adoption, may enter a final decree of adoption; or it may deny the adoption. The basic consideration for this decree and all others shall be the best interest of the child.
Before an adoption can be granted, however, the consent of the legitimate parents is necessary except in those limited instances where parental consent has been dispensed with by law. In re Whitten, 391 So.2d 44 (La.App. 3rd Cir.1980); Adoption of Latiolais, 376 So.2d 555 (La.App. 3rd Cir.1979), aff’d, 384 So.2d 377 (La.1980); Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir.1977).
In adoptions by a stepparent or grandparents, the consent of one of the legitimate parents will not be required under circumstances indicated by LSA-R.S. 9:422.1. That statute provides:
If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary when the spouse of the petitioner has been granted either sole or joint custody, or when the grandparent or grandparents, or the mother or the father has been granted sole custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to *516 the mother or father or grandparent or grandparents.
(3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
Additionally, a valid formal act of surrender to a licensed agency, executed pursuant to LSA-R.S. 9:402, is irrevocable, and a later change in a parent’s consent to adoption is immaterial. Allen v. Volunteers of America, 378 So.2d 1030 (La.App. 2d Cir.1979), writ denied, 381 So.2d 509 (La.1980). Somewhat similarly, an act voluntarily surrendering a child for private adoption, executed in strict compliance with statutory provisions, grants irrevocable consent. LSA-R.S. 9:422.8.
Adoption statutes, being in derogation of natural rights of the legitimate parent to the child and of the child to the legitimate parent, are strictly construed. Haynes v. Mangham, 375 So.2d 103 (La.1979); Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966); In re Whitten, supra; Adoption of Edwards, 369 So.2d 210 (La.App. 3rd Cir.1979).
In In re Whitten, supra, a mother’s brother and his wife petitioned to adopt a child whose father had killed the mother. Although the father had been convicted of the manslaughter of the mother and confined at the penitentiary in Angola, his consent was nevertheless deemed necessary for the child’s adoption. It was noted that, under the provisions of LSA-R.S. 9:422.1, the consent of a nonsupporting spouse is not required only if “the petitioner seeking adoption is a step-parent or a grandparent or grandparents.” The logical extension of this article, the court concluded, is that unless the petitioner is so classified the consent of even a nonsupporting legitimate parent must be secured before an adoption can be approved. Had the legislature intended the statute to encompass a class of persons such as aunts and uncles, it would have expressly so provided, instead of deliberately narrowing the class of persons to whom the statute applied. Although the trial judge had found the adoption in the best interest of the child and awarded custody to the aunt and uncle, the Third Circuit reversed, holding the natural father’s consent necessary for a valid adoption.
Likewise, in Cantrell v. Talley, 291 So.2d 462 (La.App. 3rd Cir.1974), a stepfather attempted to adopt his wife’s son by her previous marriage. The child’s father, who opposed the adoption, had ceased making child support payments and had agreed to give up his visitation rights because of difficulty with his former wife in arranging times for visitations. Plaintiff argued that LSA-R.S. 9:432 B required the adoption to be granted in the child’s best interest. In denying the adoption, the court stated as follows:
This statute [LSA-R.S. 9:432 B] does not allow the court to enter a final decree of adoption on a simple showing that it is for the best interest of the child, regardless of the rights of the natural parent. There must be a showing that the natural parent has lost his rights to the child, either by voluntary surrender, ... by abandonment, ... or under LSA:R.S. 9:422.1(1) ... or some other statutory provision. Here, there is no showing that defendant has lost his parental rights. His consent to the adoption is necessary.
Counsel for the Tripps presents an impressive argument in brief concerning the issue of parental consent to adoption. However, we are in agreement with the Third Circuit’s conclusion, as stated in Cantrell, that a showing of the best interest of the child alone does not avert the need for consent unless the parent has lost his or her rights to the child. Also, Whitten, supra, correctly points out that consent is rendered unnecessary under the provisions of LSA-R.S. 9:422.1 only if the petitioner seeking adoption is a step-parent, grandparent or grandparents. Nowhere in that statute is there mention of other individuals. Certainly, had the legislature intended to encompass a larger class of persons, it would have expressly mentioned them or provided for such situations.
*517 Because of the strict construction associated with adoption provisions, we eannot deem the consent of Mrs. Juris unnecessary for the adoption of her minor child. In so finding, we affirm the trial court and adopt its opinion in this respect, including the expression of concern in ref-erenee to abandonment.
CONCLUSION
For the above stated reasons, we affirm the judgment of the trial court at appellants’ cost.
AFFIRMED.