583 So.2d 511 (1991)
EMW, JR. & MKW, Appellants, Applying for Adoption,
v.
JPM, Appellee.
No. 22430-CA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
*513 Teat & Avery by Darrell R. Avery, Jonesboro, for appellants.
Blake & Bowman by Chris L. Bowman, Jonesboro, for appellee.
Before NORRIS, VICTORY and STEWART, JJ.
NORRIS, Judge.
The petitioners, EMW and MKW, appeal a judgment that sustained an exception of no cause of action as to one plaintiff and granted a motion for involuntary dismissal as to the other in their petition to adopt MKW's grandson. For the reasons expressed, we affirm in part, reverse in part and remand for a new adoption hearing.

Procedural background and testimony
By verified petition filed April 4, 1990, EMW and MKW alleged that they were over 18 years old and PW was under 17; that PW was the legitimate child of MFM, who is MKW's daughter and EMW's step-daughter; that PW had in fact been living with the petitioners for over two years, and they obtained a judgment of sole custody of PW in March 1989; that MFM had executed a formal authentic act of surrender and consent to adoption in April 1988; and that PW's father, JPM, was listed on the birth certificate but his exact whereabouts were unknown. The petitioners further alleged that the "natural father of the child has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period in excess of two (2) years" thus making his consent to the adoption unnecessary under La.R.S. 9:422.1. The petitioners prayed that the court appoint counsel (a curator ad hoc) to represent the nonresident father; for a hearing in accord with law; for a final decree of adoption; and for all just and equitable relief. The petitioners also attached statements required by La.R.S. 9:424 and 9:422.13.
The curator ad hoc answered, advancing only denials for lack of sufficient information. The matter proceeded to a contested hearing, at which JPM was present, on May 14, 1990. At the close of the petitioners' case, the curator ad hoc moved for involuntary dismissal, urging that EMW had no cause of action under R.S. 9:422.1 to proceed without the natural father's consent because EMW was only a step grandparent, and that the petitioners had not proved failure to communicate with the child for two whole years under La.R.S. 9:422.1 A(3). The trial court granted the motion orally and reduced it to written judgment which was filed on June 12, 1990. The petitioners took this suspensive appeal.
Because the trial court committed legal error requiring remand for a new adoption hearing, we will not belabor the testimony. MKW testified that MFM was her daughter by a previous marriage; EMW verified that he had never adopted her and had no blood relation to PW.
MKW testified that her daughter married JPM in September 1987 and they moved to Eureka, California soon afterward; sometime in early 1988 MKW went to stay with them at their apartment in Eureka to help her daughter with her pregnancy, but a few weeks before PW's birth on March 9, 1988 JPM kicked them both out; PW was born in Eureka, but two days later MKW brought him and MFM back to the petitioners' home in Eros, Louisiana, and PW has lived there ever since. According to the grandmother, MFM remained with them for three or four months, while JPM occasionally telephoned to ask her to come back to him. Saying she wanted nothing to do with the child, MFM signed the act of surrender and consent and, after three or four months in Eros, went back to California. The petitioners obtained the judgment of sole custody *514 of PW against JPM on March 18, 1989.
MKW testified that JPM was not present for his son's birth and did not see the child in California. Both petitioners admitted that JPM called their home in Eros a few times while MFM was living there, but they had no knowledge that JPM asked MFM about, or showed any concern for, his son.
Without objection, the grandmother testified that JPM has never sent any money or child support, although he may have sent one outfit to PW "from Santa" shortly before Christmas 1989.

Action of trial court
The trial court held that EMW, as a step grandparent, did not have a cause of action under La.R.S. 9:422.1 to adopt a child without the consent of the legitimate father. The court further held that the petitioners had not proved that JPM failed to communicate with the child for a full two years as required by R.S. 9:422.1 A(3); the court found no evidence of "what happened of the communication between the mother * * * and the natural father of the child" in those phone calls while MFM was living with the petitioners. R.p. 89. Despite the petitioners' specific argument, the trial court refused to consider whether they proved JPM's consent was unnecessary under La.R.S. 9:422.1 A(2), which waives consent of a nonresident legitimate parent who fails to support the child for one year after a judgment awarding custody to the grandparent. The court also never considered the question of the child's best interest.

Discussion: No cause of action
By their first assignment, the petitioners urge the trial court erred in holding that EMW had no cause of action. We would note at the outset that the motion for involuntary dismissal, La.C.C.P. art. 1672, is designed to test the sufficiency of the plaintiff's evidence. Fuller v. Wal-Mart Stores Inc., 519 So.2d 366 (La.App. 2d Cir.1988). Official Revision Comment (f) states that the codal provisions for dismissal at trial do not deal with dismissal on exceptions. Cf. Coffil v. Boyd, 428 So.2d 1355 (La.App. 4th Cir.), writ denied 433 So.2d 1051 (1983). In other words, the objection of no cause of action should be advanced by peremptory exception and not by motion for involuntary dismissal. However, the trial court may notice on its own motion the failure to disclose a cause of action. La.C.C.P. art. 927. Since the trial court could do so regardless of any action on the defendant's part, we consider it unimportant that the instant objection was raised incorrectly. The issue of no cause of action is properly before us.
The authority for a grandparent to adopt a grandchild without the consent of one legitimate parent is La.R.S. 9:422.1, which provides in part:
§ 422.1. Adoptions by stepparent, grandparent; consent; after a decree of abandonment
A. If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary * * * when the grandparent or grandparents * * * has been granted sole custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.
(3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years. * * *
Adoption statutes are in derogation of the natural right of the parent and must be strictly construed. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); Tripp v. Jurls, 559 So.2d 514 (La. App. 2d Cir.), writ denied 563 So.2d 1153 (1990). Before an adoption may be granted, the consent of the legitimate parent is *515 necessary except in those limited instances where it is dispensed with by law. Tripp v. Jurls, supra, and citations therein.
The benefit of § 422.1 is that it waives the consent of the other legitimate parent. One person who may avail himself of this benefit is the spouse of the legitimate parent, or a stepparent; thus the statute explicitly recognizes the distinction between a natural parent and a stepparent. Another person who may avail himself of this benefit is a grandparent. Here, however, the statute does not extend the right to a spouse of the grandparent, or step grandparent. Contrary to the petitioners' argument, the court cannot view this omission as an oversight; the statute shows a full understanding of the difference between a parent and a stepparent, and we must assume that if it had intended the same benefit for a step grandparent, it would have so stated. To open this statute to actions by step grandparents would expand it beyond its plain meaning.
Although adoption is sui generis, we note that the Civil Code does not generally confer familial rights or duties on persons who are not blood relatives. Fathers, mothers and other relatives in the direct ascending line owe an alimentary duty to their descendants. La.C.C. art. 299. Stepparents, however, do not owe alimony. Hollowell v. Hollowell, 437 So.2d 908 (La. App. 2d Cir.1983); Harrison v. Harrison, 503 So.2d 116 (La.App. 5th Cir.), writ denied 503 So.2d 1017 (1987). Fathers and mothers are responsible for the damage occasioned by their children. La.C.C. art. 2318. Stepparents are not responsible for the torts of their stepchildren. Gustafson v. Koch, 460 So.2d 655 (La.App. 1st Cir. 1984); Liddell v. Hanover Ins. Co., 252 So.2d 762 (La.App. 1st Cir.1971). "Step" relatives are generally on a different footing from blood relatives and we perceive nothing incongruous or absurd about R.S. 9:422.1, which does not allow a step grandparent to proceed in an adoption without the consent of the other legitimate parent. This assignment lacks merit.

Expansion of the pleadings
By their third assignment, the petitioners urge the trial court erred in refusing to consider evidence which would have supported an adoption without the father's consent under R.S. 9:422.1 A(2). Admittedly, the petition tracks the language of Subsection 422.1 A(3); however, it cites the entire Section and it alleges both that JPM is living out of state and that the petitioners were awarded sole custody of PW in March 1989. Against this background the petition may fail to allege lack of support by a nonresident parent.
The Code of Civil Procedure, however, provides that issues not raised by the pleadings may be tried by the implied consent of the parties. La.C.C.P. art. 1154. When the defendant fails to object to testimony that expands the petition, his consent is implied and the petition is considered amended to conform to the evidence. Dillon v. Rice, 384 So.2d 344 (La.1980); Lenard v. State, Dept. of Public Safety, 437 So.2d 954 (La.App.2d Cir.1983). The amendment of petition is permitted in adoption proceedings. In re Darboval, 377 So.2d 459 (La.App. 4th Cir.1979), writ denied 380 So.2d 101 (1980). Here the grandmother testified without objection that JPM has never sent any child support. The trial court committed legal error in refusing to consider whether the evidence presented satisfied the waiver of consent provision of Subsection 422.1 A(2). The judgment must be reversed as to the grandmother and remanded for further proceedings.

Additional matters for the second hearing
By their remaining assignments, the petitioners urge the trial court erred in finding that the natural father's consent was necessary and in granting the involuntary dismissal. We pretermit discussion of these issues since we reverse on other grounds. We would note, however, that under the expanded pleadings, the level of support that would block the application of 9:422.1 A(2) must be "significant." Haynes v. Mangham, 375 So.2d 103 (La. *516 1979). Sending a few items of clothing will not discharge the natural father's alimentary obligation. In re DWH, 457 So.2d 137 (La.App.2d Cir.1984), and citations therein.
In addition to proving the requisites under R.S. 9:422.1, the grandparent seeking adoption must also prove that the natural father's failure to pay was without just cause and that adoption is in the best interest of the child. Adoption of Latiolais, 384 So.2d 377 (La.1980); In re BAS, 424 So.2d 405 (La.App.2d Cir.1982). The trial court made no findings as to these crucial questions; at the new adoption hearing, relevant evidence should be brought forth to support a judgment either granting or denying the adoption under La.R.S. 9:434(5).

Decree
The judgment is therefore affirmed insofar as it sustained the exception of no cause of action against EMW, the step grandfather. It is reversed insofar as it sustained the motion for involuntary dismissal against MKW, the grandmother, and the case is remanded for further proceedings. Costs are assessed one-half to the petitioners and one-half to the respondent, JPM.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.