LOLLEY, J.
liCAP (the “biological father”) appeals a judgment by the 42nd Judicial District Court, Parish of DeSoto, State of Louisiana, which granted a final decree of adoption regarding his two biological, minor children in favor of BJC, the husband of the children’s mother, BC. For the following reasons, we vacate the trial court’s judgment and remand for further proceedings.
Facts
BJC is presently married to BC, the mother of two children with her previous husband, the biological father. Those two children are RLP, born on December 22, 2007, and CAP Jr., born on August 13, 2010.
On April 14, 2014, BC and BJC were married. Shortly thereafter, on May 8, 2014, BJC filed a petition for intrafamily adoption. In that petition he alleged that the biological father and BC were divorced on April 16, 2013, in the state of Texas. A copy of the judgment of divorce was made an exhibit to BJC’s petition. In that judgment, a parenting plan was approved, and BC was granted sole custody. The biological father was ordered to pay child support of $950 per month for the two children effective April 19, 2013.
BJC alleges that the biological father’s last full child support payment was May, 2013, and a half payment was made in September of the same year. Further, according to BJC’s petition, the biological father has had little visitation or communication with the children, probably because he has been in and out of jail in Caddo and Bossier parishes for offenses including simple burglary, theft of a motor vehicle and various drug charges.[1] 12Claiming that the biological father has forfeited his right to consent to the adoption, BJC alleged that the children had been living with him for at least six months prior to filing the petition. He also claimed it was in the best interest of the children that the adoption take place.
On May 22, 2014, BJC filed a writ of habeas corpus requesting that the biological father be transported from the Caddo Correctional Center in Shreveport, Louisiana, to defend the adoption proceeding on June 23, 2014. An order was signed by the trial court ordering that the biological father be released to the custody of the DeSoto Parish Sheriff. Ultimately the hearing was continued-according to the court minutes “due to no transportation on the defendant.” The hearing was continued and refixed for October 2, 2014, and a notice for fixing case was issued on June 23, 2014. . The record shows that personal service of that notice was made on the biological father at Caddo Correctional Center on June 26, 2014.
*907 A pro se opposition to BJC’s petition was filed by the biological father on May 23, in response to the original petition. He claimed in his opposition that BC prevented him from seeing the children. He conceded that he had made “poor decisions” recently for which he has been incarcerated, but requested that the trial court give him a chance at being their father.
On October 2, 2014, the adoption hearing proceeded as scheduled. At the hearing, BJC was represented by legal counsel, as were the children. The biological father was not present, and the record does not indicate that a transportation order had been entered after the continuation of the initial | shearing date. The record does not contain a subsequent writ of habeas corpus requesting an order to arrange the biological father’s transfer to court on the new hearing date. According to the court minutes, counsel for BJC informed the court that no opposition had been filed. Although the record contains no transcript of the hearing, the court minutes indicate that BJC and BC both testified at the hearing. Counsel for the children informed the trial court that he had spoken with the mother of the biological father, who wished the hearing be continued. The request was denied by the trial court, and the judgment of adoption was granted as prayed for. This appeal by the biological father ensued.
Discussion
The biological father brings one assignment of error, arguing that the trial court erred as a matter of law by signing a'final decree of adoption without providing him, the biological father, with due process and the right to contest the adoption. We agree.

Applicable Statutory Law

The Louisiana Children’s Code sets forth very specific and clear procedural steps to be followed in an intrafamily adoption. The following code articles are pertinent to the facts of this case.
Louisiana, Ch. C. art. 1193 (in pertinent part):
Unless rights have been terminated in accordance with Title X or XI, consent to the adoption of a child or relinquishment of parental rights shall be required of the following:
⅜ * *
(2) The father of the child, regardless of the child’s actual paternity, if any of the following apply:
|4(a) The child is a child born of the marriage in accordance with the Louisiana Civil Code or its legal equivalent in another state....
Louisiana Ch. C. art. 1243:
A. A stepparent, stepgrandparent, great-grandparent, grandparent, or eol-láterals within the twelfth degree may petition to adopt a child if all of the following elements are met:
(1) The petitioner is related to the child by blood, adoption, or affinity through the mother of the child or through a father who is filiated to the child in accordance with the Civil Code.
(2) The petitioner is a single person over the age of eighteen or a married person whose spouse is a joint petitioner.
3) The petitioner has had legal or physical custody of the child for at least six months prior to filing the petition for adoption....
Louisiana Ch. C. art. 1243.2:
A. Upon the filing of a petition, the court shall immediately issue both of the following orders:
(1) That the local sheriff or the office of state police, Louisiana Bureau of *908 Criminal Identification and Information, conduct a records check for all federal arrests and convictions and all state arrests and convictions for each of the prospective adoptive parents. Prospective adoptive parents shall submit a set of fingerprints to the sheriff or the office of state police.
(2) That the department conduct a records check for validated complaints of child abuse or neglect in this or any other state in which either of the prospective adoptive parents has been domiciled since becoming a major, involving either prospective adoptive parent.
B. Each order shall state the full name, date of birth, social security number, and former and current state of domicile since becoming a major of each prospective adoptive parent.
C. The sheriff or the office of state police, Louisiana Bureau of Criminal Identification and Information, and the department |5shall accord priority to these orders and shall provide a certificate indicating all information discovered, or that no information has been found.
Louisiana Ch. C. art. 1244 B:
If the parent of a child born of marriage is married to the stepparent petitioner and executes an authentic act of consent, he need not join in the petition nor be served with a copy thereof.
Louisiana Ch. C. art. 1244.1:
A.A parent, whose rights have not been terminated in accordance with Title X or XI or who has not previously consented to the adoption in accordance with Article 1244, may oppose the adoption of his child by filing a clear and written answer and opposition to the adoption. The answer and opposition shall be filed with the court within fifteen days from the time of service of the filing of an intrafamily adoption petition.
B. Upon receipt of the opposition, the court shall appoint an attorney to represent the child, subject to the limitations in Article 1121. Neither the child nor anyone purporting to act on his behalf may be permitted to waive this right. The costs of the representation of the child shall be taxed as costs of court.
C. When the opposition provides that the parent cannot afford to hire an attorney, the court shall determine whether due process requires the appointment of counsel within twenty-one days of the filing of the opposition.
D. Notice shall be served in accordance with Articles 1133 and 1134 on the opposing parent, the legal custodian, the petitioner, counsel appointed for the child, counsel appointed for the parent, and the other parent not consenting to the adoption pursuant to Article 1144 or whose rights have not previously' been terminated. (Emphasis added).
Louisiana Ch. C. art. 1247:
A. Except when waived in accordance with the provisions of Title XI or XII, notice of the filing of the petition for intrafamily adoption shall be issued by the clerk and served, together with a copy of the petition, on every parent whose | ^consent to the adoption is required pursuant to Article 1193 and whose parental rights have not been terminated by a court of competent jurisdiction, and shall state:
Notice
Louisiana law provides that under certain circumstances your consent to the adoption of your child may be dispensed with and you can permanently lose your rights as a parent by final decree of adoption. An intrafamily adoption petition has been filed requesting the court to grant an adoption and terminate your *909 parental rights to your child. A copy of the petition is attached to this notice. If you do not file a written answer stating your opposition to the adoption within fifteen days of receiving this notice you will lose the right to object to the adoption. If you choose to file a written answer stating your opposition to the adoption you must file it with the clerk of court at_Only if you file an answer stating your opposition to the adoption will you have an opportunity to present your opposition to the adoption. If you file an answer stating your opposition, the court will set a hearing, and you will receive notice of the hearing of your opposition.
If you do not file an answer stating your opposition, and if the court at the adoption hearing finds that the facts set out in the petition are true and that adoption is in the best interests of your child, the court can enter a judgment ending your rights to your child. If the judgment terminates your parental rights, you will no longer have any rights to visit or to have custody of your child or make any decisions affecting your child, and your child will be legally freed to be adopted.

This is a very serious matter. You should contact an attorney immediately so that he or she can help you determine your riyhts. You have the riyht to hire an attorney and to have him or her represent you. If you cannot afford to hire an attorney and you oppose the adoption, your answer stating your opposition may request that the court determine if you have the right to have an attorney appointed. If you have filed an answer stating your opposition, whether or not you decide to hire an attorney, you will have the right to attend the hearing of your case, to call witnesses on your behalf, and to question those witnesses brought against you.

You may call the telephone number on the attached form for information concerning free legal aid. If you have any questions concerning this notice, you may call the telephone number of the clerk’s office which is._.. (Emphasis added).

\1Discussion

The biological father maintains that the trial court committed legal error when it: granted the adoption without his consent; failed to conduct a hearing to determine if his consent was unnecessary; failed to base its judgment on-clear and convincing evidence that his consent was unnecessary; failed to require the biological father’s presence at the hearing; did not appoint an attorney to represent the biological father; and, did not require a report from the minor children’s attorney. Here, the record shows that the trial court complied with arts. 1243, 1243.2, and 1244. Specifically, BJC met all three of the elements required in La. Ch. C. art. 1243(A). Upon filing his petition, the trial court issued an order pursuant with La. Ch. C. art. 1243.2.[2] Finally, it was unnecessary for BC to be included as a petitioner in BJC’s petition, in that she executed an authentic act of her consent as allowed under La. Ch. C. art. 1244.
Nonetheless, despite the proper adherence to some of the applicable procedural articles, the trial court erred in particular by failing to strictly construe La. *910 Ch. C. arts. 1244.1 and 1245. Adoption statutes are in derogation of the natural right of the parent and must be strictly construed. Myers v. Myrick, 34,970 (La.App.2d Cir.05/17/01), 787 So.2d 546, citing, EMW, Jr. v. JPM, 583 So.2d 511 (La.App. 2d Cir.1991). Initially, we note that the biological father’s parental rights had not been terminated in accordance with Title X or XI of the Children’s Code. Nor had he ^previously consented to his children’s adoption pursuant to La. Ch. C. art. 1244. Thus, pursuant to art. 1244.1, the biological father was entitled to oppose BJC’s adoption of his children by filing “a clear and written answer and opposition” to BJC’s adoption. Such an opposition' was required to be filed with the trial court within fifteen days from the time of service of the filing of the intrafamily adoption petition, which in this case was filed on May 8, 2015. Although the record contains no proof that the biological father was indeed served with the petition, we have verified with the trial court that he was served with the petition on May 13, 2014. Thus, the biological father’s opposition filed on May 23 was timely.
Article 1244.1(B) requires that an attorney be appointed to represent the children, which the trial court so ordered. But subsection C of the article also provides, if necessary, for the appointment of legal representation of the parent against whom the adoption is brought, i.e., in this case, the biological father. His opposition was made pro se, so obviously at the time of filing his opposition, the biological father was unrepresented by legal counsel. Although the biological father’s opposition does not explicitly state that he could not afford an attorney, notably, he was incarcerated at the time he responded pro se. The record does not indicate that the trial court made any attempt to determine whether the biological father was entitled to the appointment of counsel. It would appear that the fact that the biological father made his opposition pro se and he was incarcerated, the trial court had a strong indicator that the biological father was unable to afford an attorney. Considering the seriousness of the [ 9matter — termination of the biological father’s parental rights — at the very least,, an inquiry should have been made as to whether he needed the appointment of legal counsel. The record does not reflect that the trial court made any such inquiry.[3] That was clearly in error.
Furthermore, even if the biological father’s consent to the adoption is ultimately unnecessary, that fact will need to be proved by clear and convincing evidence at a hearing where the biological father is represented. La. Ch. C. art. 1245. Here, although sworn allegations were made in BJC’s petition, and the court minutes indicate that testimony was given in the matter by BJC and BC, the record does not contain a transcript of the proceeding. After an order of this court to supplement the record with a transcript of the adoption hearing, a letter from the DeSoto Parish Clerk of Court indicates that the proceeding was conducted in a hearing room adjacent to the courtroom and that a court reporter was not present to transcribe the proceeding. The only record of the proceeding was the minute entry prepared from the notes of the minute clerk. Thus, there is nothing in this record to *911 indicate that the' evidence presented at the hearing rose to -the standard of proof required by La. Ch. C. art. 1245.
So considering, the biological father’s assignment of error has merit. The trial court clearly erred in granting a judgment in favor of BJC for the intrafamily adoption of the two children. First, the, trial court erred by | infailing to inquire into and make a determination whether the biological father’s due process rights necessitated the appointment of legal counsel. Additionally, this matter should not have proceeded -without the biological father’s attendance at the hearing, giving him the opportunity to rebut any evidence that his consent was unnecessary for this intrafam-ily adoption.
Conclusion
For the foregoing reasons, the judgment granting the petition for intrafamily adoption by BJC is vacated. The matter is remanded for further proceedings as provided for in La. Ch. C. art. 1243 et seq. All costs of these proceedings are assessed to BJC.
JUDGMENT VACATED; MATTER REMANDED FOR FURTHER PROCEEDINGS.

. This information is provided in brief. The scant record before us does not contain the reasons for the biological father’s incarceration.

. Although the code article mandates that an order be issued to "the local sheriff or the office of state police, Louisiana Bureau of Criminal Identification and Information” to conduct a federal and state criminal background check, the trial court directed its order to the Federal Bureau of Investigation, which conducted the requisite background check.

. Notably, this provision of law is somewhat new, having been enacted by Acts 2010, No. 738, § 1 of the Louisiana Legislature, effective August 15, 2010. In our opinion, In re Spillars, 44,172 (La.App.2d Cir.01/14/09), 2 So.3d 593, the biological mother opposing an intrafamily adoption argued that the trial court made a fatal error in failing to appoint an attorney on her behalf pursuant to La. Ch. C. art. 1244.1. We rejected that argument— the sole reason being that the article had not yet been enacted at the time of her trial. Id. at 597-98.