JUDE G. GRAVOIS, Judge.
|2In this intrafamily adoption case, appellant, Timothy Naquin, appeals a juvenile court judgment rendered on November 17, 2014 that denied his motion for a new trial. Appellant argues that he was not afforded a hearing on the issue of whether due process required that he be appointed counsel to represent him prior to the adoption opposition hearing. For the following reasons, we find merit to appellant’s assignment of error. Accordingly, we vacate the judgment of adoption and remand the matter for further proceedings consistent with La. Ch.C. art. 1243, et seq.

FACTS AND PROCEDURAL HISTORY

Appellees, Zaida Garay Parks (“Mrs. Parks”) and her husband Brian Parks, filed a petition for intrafamily adoption of T.E.N., the daughter of Mrs. Parks and appellant, Timothy Naquin. T.E.N. was born out of wedlock to Mrs. Parks and Mr. Naquin in 2004. Mr. and Mrs. Parks subsequently married and have two additional children. Mr. Naquin, in proper person, filed an answer opposing the intrafamily adoption in which he alleged that he did not have the financial resources of Mr. Land Mrs. Parks, and asked the court to consider whether he was eligible to have counsel appointed to represent him in the adoption opposition hearing.
The adoption opposition hearing was conducted on October 27, 2014. At the *1221 beginning of the hearing, the juvenile court judge asked Mr. Naquin, “Mr. Na-quin, you, you [sic] intend to represent yourself today?” Mr. Naquin responded, ‘Tes sir.” No other mention was made of Mr. Naquin’s pending request for court-appointed representation, and no further inquiry was made as to Mr. Naquin’s financial ability to hire counsel. Following the hearing, the juvenile court judge granted the intrafamily adoption and terminated Mr. Naquin’s parental rights as to T.E.N.

ANALYSIS

The Louisiana Children’s Code does not grant an opposing parent or child an absolute right to counsel in intrafamily adoption cases. The United States Supreme Court has not mandated counsel in such cases. In re B.E.M., 07-94 (La.App. 5 Cir. 5/29/07), 961 So.2d 498, 500. However, in 2010, the Louisiana Legislature promulgated La. Ch.C. art. 1244.1, which provides:
A. A parent, whose rights have not been terminated in accordance with Title X or XI or who has not previously consented to the adoption in accordance with Article 1244, may oppose the adoption of his child by filing a clear and written answer and opposition to the adoption. The answer and opposition shall be filed with the court within fifteen days from the time of service of the filing of an intrafamily adoption petition.
B. Upon receipt of the opposition, the court shall appoint an -attorney to represent the child, subject to the limitations in Article 1121. Neither the child nor anyone purporting to act on his behalf may be permitted to waive this right. The costs of the representation of the child shall be taxed as costs of court.

C.When the opposition provides that the parent cannot afford to hire an attorney, the court shall determine whether due process requires the appointment of counsel within twenty-one days of the filing of the opposition.

[tD. Notice shall be served in accordance with Articles 1133 and 1134 on the opposing parent, the legal custodian, the petitioner, counsel appointed for the child, counsel appointed for the parent, and the other parent not consenting to the adoption pursuant to Article 1144 or whose rights have not previously been terminated.
(Emphasis added.) In particular, as shown above, paragraph C of Article 1244.1 provides that when the parent has placed at issue his ability to hire an attorney to oppose the adoption, the trial court shall determine whether due process requires that counsel be appointed.
In In re B.J.C., 49,852 (La.App. 2 Cir. 4/15/15), 163 So.3d 905, 909-10, the court of appeal noted that the adoption statutes in the Children’s Code are in derogation of the natural right of the parent and must be strictly construed (citing Myers v. Myrick, 34,970 (La.App. 2d Cir. 5/17/01), 787 So.2d 546). In that case, an incarcerated biological father timely filed a pro se opposition to a petition for the intrafamily adoption of his two children. The court of appeal found that though the biological father’s opposition did not explicitly state that he could not afford an attorney to oppose the adoption, he was incarcerated at the time he responded pro se. Thus, the court held that the trial court had a “strong indicator” that the biological father was unable to afford an attorney, and *1222 considering the seriousness of the matter — termination, of the biological father’s parental rights — , at the very least, an inquiry should have been made, as per Article 1244.1(C), as to whether due process required appointment of legal counsel. Id. at 909-11.
In the instant case, Mr. Naquin filed a pro se opposition that clearly stated in paragraph Seven that he did not have the financial resources to match Mr. and Mrs. Parks’s resources to prevent their attempt to “take his daughter from him permanently,” and requested that the court determine if he had the right to have an attorney appointed to represent him, to-wit:
| ^Respondent, Timothy Naquin, respectfully advises the Court that he does not have the financial resources to match Ms. Garay and Mr. Parks in fending off their attempts to take his daughter from him permanently. While he will fight for his daughter to the end, he respectfully requests that this Honorable Court determine if he has the right to have an attorney appointed.
Upon review, we find that this paragraph of Mr. Naquin’s opposition complied with La. Ch.C. art. 1244.1(C). Consequently, the trial court was required to conduct an inquiry as to whether due process required that Mr. Naquin be appointed legal counsel to represent him in the adoption opposition hearing. In this case, at the opposition hearing, the court failed to conduct the mandated inquiry. The extent of the trial court’s inquiry went as follows:
THE COURT: Mr. Naquin you, you intend to represent yourself today?
TIMOTHY NAQUIN: Yes sir.
THE COURT: And normally it would be, it would be set today for a final decree but Mr. Naquin has filed an opposition based on notice. So Mr. Naquin, um, representing yourself becomes a little difficult at times because of the procedural issues but in essence you have to prove today by preponderance of evidence you have a burden to show that I, I should not allow the adoption to go forward, okay. So um, it’s, without having an attorney you’re going to kind of have to ask yourself your own questions. Um, but there are certain things you have to prove and if I read your petition and um, you know we don’t have a jury so the best way maybe to- go through, I’ll just let you go through your actual argument of why you should not, why the adoption should not go forward. So you can proceed if you’d like to.
TIMOTHY NAQUIN: Alright.
THE COURT: And then of course you realize you’ll be subject to questions from the attorneys after that.
TIMOTHY NAQUIN: Yes sir.
| fiWhile the trial court mentioned the fact that self-representation could pose some “procedural issues,” the trial court clearly failed to inquire into Mr. Naquin’s financial situation and as to whether due process required that Mr. Naquin be appointed counsel to represent him in this serious matter where termination of his parental rights was at stake. Also, this scant exchange fails to support Mr. and Mrs. Parks’s position that Mr. Naquin “waived” his right to proceed with counsel and/or “waived” his right to a La. Ch.C. art. 1244.1(C) hearing. Nor does the record as a whole support such a position. As in In re B.J.C., supra, at 910-11, the trial court’s failure to conduct a due process hearing as per La. Ch.C. art. 1244.1(C) is *1223 clear error, and thus, we are constrained to vacate the judgment granting the intra-family adoption, and to remand the matter for further proceedings consistent with La. Ch.C. art. 1243, et seq.[1]

CONCLUSION

For the foregoing reasons, the juvenile court’s judgment granting the intrafamily adoption is hereby vacated and the matter is remanded to the juvenile court for further proceedings consistent with La. Ch.C. art. 1243, et seq. All costs of this appeal are assessed to appellees.

VACATED AND REMANDED

. It is of no moment that the trial court found, at the hearing on the motion for a new trial, that Mr. Naquin's due process rights were not violated because he did a "fine job” at the adoption hearing regarding bringing his own witnesses (his parents) and questioning other witnesses. Nor is it relevant to Mr. Naquin’s due process rights that the trial court opined, at the hearing on the motion for a new trial, that the adoption was in the child's best interest. In a matter with such serious consequences-the termination of Mr. Naquin’s parental rights-, whether Mr. Na-quin received due process is not determined by the supposed correctness or incorrectness of the ultimate result.