# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-279

**IN RE:**
**ANTHONY ALLEN WARNER, ET UX**
**APPLYING FOR INTRAFAMILY ADOPTION**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 17-C-5643-B
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN E. CONERY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, John E. Conery, and Van H. Kyzar, Judges.

**JUDGMENT VACATED AND REMANDED.**

**Mayson James John**
**Concorida Parish Correctional**
**26356 Highway 15**
**Ferriday, Louisiana  71334**
**(318) 757-1865**
**PRO-SE DEFENDANT/APPELLANT:**
     **In Proper Person**

**Paul E. Brown**
**Attorney at Law**
**Post Office Drawer 1370**
**Eunice, Louisiana  70535**
**(337) 457-4116**
**COUNSEL FOR PETITIONERS/APPELLEES:**
     **Anthony Allen Warner**
     **Samantha Maria Smiley Warner**

**CONERY, Judge.**

In this appeal, an incarcerated biological father questions the validity of the trial court's judgment granting the intrafamily adoption of his daughter by her step-father. Finding that the record lacked criminal records check returns required by La.Ch.Code art. 1243.2 and La.Ch.Code art. 1253, we vacate the trial court's judgment and remand the matter to that court for further proceedings in accordance with this opinion.

## FACTS AND PROCEDURAL HISTORY

Anthony Warner, husband of Samantha Warner, petitioned the court for intrafamily adoption of his step-daughter R.C.J. on December 28, 2017. R.C.J. is the biological child of Ms. Warner and pro se Appellant, Mayson John. Mr. John was personally served on January 12, 2018 with the petition and a citation to appear in open court on February 12, 2018. He did not file an answer, opposition, or any other responsive pleading.

An in-chambers adoption hearing occurred on February 12, 2018. Judgment terminating Mr. John's parental rights to R.C.J. and granting the adoption of R.C.J. by Mr. Warner was signed that day. Mr. John timely appealed the trial court's February 12, 2018 judgment and is now before us asserting four assignments of error. We will not be addressing the merits of these errors in this opinion because the record does not contain a return on the criminal records check on the adoptive parent, Anthony Allen Warner, as mandated by La.Ch.Code art. 1243.2 and La.Ch.Code art. 1253.

## DISCUSSION

"Adoption statutes are in derogation of the natural right of the parent and must be strictly construed." *In re B.J.C.*, 49,852, p. 7 (La.App. 2 Cir. 4/15/15), 163

So.3d 905, 910, *citing, Myers v. Myrick*, 34,970 (La.App. 2 Cir. 5/17/01), 787 So.2d 546. Intrafamily adoptions are governed by title XII of the Louisiana Children's Code, which provides specific procedures for the adoption of a child by certain relatives. Applicable to this case are the provisions and procedures for the adoption of a child by his or her step-parent when the step-parent is presently married to one of the child's biological parents. In an intrafamily adoption, both parents—unless their parental rights have been judicially terminated—must consent to the adoption or (voluntarily) relinquish their parental rights. La.Ch.Code art. 1193[1] and La.Ch.Code art. 1244.

Louisiana Children's Code Article 1243.2(A)(1) requires the trial court to order the following:

> "[T]he local sheriff or the office of state police, Louisiana Bureau of Criminal Identification and Information, [to] conduct a record check for all federal arrests and convictions and all state arrests and convictions for each of the prospective adoptive parents. Prospective adoptive parents shall submit a set of fingerprints to the sheriff or the office of state police."

Subsection C of La.Ch.Code art. 1243.2 requires "[t]he sheriff or the office of state police, Louisiana Bureau of Criminal Identification and Information, and the department [to] accord priority to these orders and [to] provide a certificate indicating all information discovered, or that no information has been found."

---

[1] Louisiana Children's Code Article 1193 contains three classifications of "fathers":
. . . .
(2) The father of the child, regardless of the child's actual paternity, if any of the following apply:
  (a) The child is a child born of the marriage in accordance with the Louisiana Civil Code or its legal equivalent in another state.
  (b) The father is presumed to be the father of the child in accordance with the Louisiana Civil Code or its legal equivalent in another state.
(3) The alleged father of the child who has established his parental rights in accordance with Chapter 10 of Title XI.
(4) The biological father of the child whose paternity has been determined by a judgment of filiation and who has established his parental rights in accordance with Chapter 10 of Title XI.

2

Louisiana Children's Code Article 1253(B)(4) provides:

At this hearing the court shall consider:

. . . .

(4) The report of any criminal records concerning the petitioner, including the nature of the offenses, the number of offenses, and the length of time between the offenses and between the last offense committed and the petition for intrafamily adoption. The existence of a criminal record of the petitioner shall not be automatic grounds for the court to refuse to grant an intrafamily adoption.

The appeal record does not contain a criminal records search certificate as required by La.Ch.Code art. 1243.2(C). Additionally, the supplemental record we ordered contains the July 10, 2018 affidavit of St. Landry Parish Deputy Clerk of Court Christine Stelly, which states: "[a]fter a diligent search, there are no exhibits or background checks that were introduced into evidence, therefore; the supplemental record is being forwarded to court of appeal-third circuit absent of these pleadings." Without the required background check, the adoption must be nullified, and the case remanded.[2]

## CONCLUSION

We hereby vacate the trial court's February 12, 2018 judgment granting Mr. Warner's petition for intrafamily adoption of R.C.J.. This matter is remanded to the trial court for proceedings consistent with the Children's Code and this opinion. Anthony Allen Warner is cast with all costs of this appeal.

**JUDGMENT VACATED AND REMANDED.**

---

[2] We note that on remand the defendant Mayson John must be properly served and notified pursuant to the wording outlined in La.Ch.Code art. 1247.