NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-515

IN RE: W.H. APPLYING FOR INTRAFAMILY
ADOPTION OF A.A.B., E.J.B., & G.K.B.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. A-13-19
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Billy Howard Ezell, John E. Conery, and Candyce G. Perret,
Judges.

JUDGMENT VACATED AND REMANDED.

**Dylan T. Heard**
**Vincent Law Offices, APLC**
**Post Office Box 450**
**Crowley, LA   70527-0450**
**(337) 783-7777**
**COUNSEL FOR APPELLANT:**
    **N. A. B.**

**Jamie C. Gary**
**422 E. College Street**
**Lake Charles, LA   70605**
**(337) 439-3138**
**COUNSEL FOR APPELLEE:**
    **W. P. H.**

**Alexander J. Guinn**
**Heinen & Guinn Law Firm & Consulting, LLC**
**Post Office Box 1451**
**Jennings, LA   70546**
**(337) 246-7220**
**COUNSEL FOR MINOR CHILDREN:**
    **A. A. B.**
    **E. J. B.**
    **G. K. B.**

**PERRET, Judge.**

In this intrafamily adoption proceeding, N.B.,[1] the biological father of the three minor children, appeals from the district court's judgment terminating his parental rights and granting the stepfather's, W.H., petition for intrafamily adoption of the children. On appeal, we vacate the trial court's judgment and remand the matter for further proceedings in accordance with this opinion.

**FACTS AND PROCEDURAL HISTORY:**

N.B. and the biological mother of the children, J.H., were previously married in 2005. Three children were born of the marriage, A.A.B. (born 3/16/10), E.J.B. (born 9/24/11), and G.K.B (born 9/23/13). N.B. and J.H. filed for divorce and joint custody of the children was granted, with J.H. named as the domiciliary parent on February 25, 2015, in the Fifteenth Judicial District Court, Parish of Lafayette.[2] N.B. and J.H. were subsequently divorced on April 20, 2016.

W.H. and J.H. were married on November 25, 2016. The couple have been married and living with the children, as well as W.H.'s two children from a prior marriage, and two additional children born from the couple's marriage.

On October 28, 2019, W.H. filed a Petition for Adoption of A.A.B., E.J.B., and G.K.B. according to La.Ch.Code arts. 1193 and 1245, attaching J.H.'s written consent to the adoption. Pursuant to La.Ch.Code art. 1245, W.H. asserted in the petition that N.B. had not exercised his visitation rights pursuant to the custody arrangement for more than six months, nor had N.B. paid child support according to the support judgment for more than six months prior to the filing of the adoption

---

[1] Pursuant to Rule 5-2 of the Uniform Rules—Courts of Appeal, initials will be used to ensure the confidentiality of the minors that are involved in this proceeding.

[2] The parties signed a Consent Judgment on Rule, which incorporated the Hearing Officer Conference Recommendations for custody and visitation, signed on January 29, 2015.

petition. A copy of the Hearing Officer Recommendations, Consent Judgment on Rule, and the support judgment were attached as exhibits. W.H. requested long arm service on N.B. at an address in North Carolina, where N.B. was believed to reside.

N.B. filed a Memorandum in Support of Exception of Insufficient Service of Process on December 16, 2019, arguing that long arm service was improper as he was a Louisiana resident and has always remained domiciled in Louisiana. According to the court minutes, N.B.'s exception was denied on December 17, 2019. Trial on the adoption was set for January 10, 2020. On that date, N.B. stipulated to an acceptance of service of the petition effective November 8, 2019, and the matter was reset for February 21, 2020, permitting time for N.B. to file an opposition.

In his Opposition to Intrafamily Adoption, N.B. argued that his consent to the adoption was necessary because he had just cause for any failure on his part to exercise visitation or pay support. He asserted that J.H. has alienated the children from him since October 28, 2018, and has blocked all means of communication. N.B. also asserted that he has paid all due child support on January 13, 2020, and could not previously pay due to the loss of his job and severe depression. He also asserted the adoption was not in the best interests of the children.

On February 21, 2020, the court again refixed the matter to appoint an attorney for the minor children due to N.B.'s opposition to the adoption. Additionally, the court specifically noted: "Due to exceptions filed in this matter, the case has gone longer than required. The Court finds the delay is reasonable. This matter is refixed for 04/08/2020 at 9:00 A.M. The parties wave [sic] time limitations in this matter." Subsequently, the matter was again continued due to

2

Proclamations by the Governor and the Louisiana Supreme Court in response to COVID-19.

Trial on this matter was held on June 4, 2020. Also addressed at this time was N.B.'s Motion for Mental Health Evaluation filed on June 1, 2020, and a Motion to Dismiss Petition for Intrafamily Adoption on June 3, 2020. The trial court denied both of N.B.'s motions but took the matter of the adoption under advisement and permitted all parties to submit post-trial briefs and reply briefs. On August 24, 2020, the trial court issued a Final Decree of Adoption and provided Reasons for Ruling granting the adoption, finding that N.B. failed to pay child support for a period of six months without just cause, and that it was in the best interest of the minor children to be adopted.

N.B. now appeals the final judgment, alleging six assignments of error and six issues, which can be summarized as follows: (1) The trial court erred in finding that it was in the children's best interests to terminate N.B.'s parental rights and grant the adoption without considering the best interest of the child factors, the relationship between the children and their father, or the effect on the children of severing that relationship; (2) The trial court erred in finding that N.B. had failed to pay an order of support for a period greater than six months and, alternatively, that N.B. did not have just cause for his failure to pay support; (3) The trial court erred in denying N.B.'s motion to dismiss the adoption on the basis that the hearing was not being held within the allowable time set forth in La.Ch.Code art. 1253; (4) The trial court erred in denying N.B.'s motion for mental health evaluations of the children and the parties, (5) The trial court erred in failing to order a records check pursuant to La.Ch.Code art. 1243.2(A)(1), which requires a reversal of the

adoption; and (6) The trial court failed to serve N.B. with proper notice, as required by La.Ch.Code art. 1247, which requires a reversal of the adoption.

We first address the criminal background check issue raised by N.B. as this issue results in the adoption being vacated and remanded for further proceedings.

**DISCUSSION:**

N.B. argues that the adoption must be reversed because the record does not contain the Louisiana Bureau of Criminal Identification and Information records check as required by La.Ch.Code art. 1243.2(A)(1). In opposition, W.H. asserts that the Jefferson Davis Parish Sheriff's Office did conduct and submit the record check of W.H. to the trial court, thus dispensing with the Article 1243.2 requirement. While N.B. concedes this record check was conducted, he argues that there is no evidence that W.H. was fingerprinted, and the record was not offered into evidence at trial and must not be considered.

Adoption statutes are strictly construed as they "are in derogation of the natural rights of the parent." *In re B.J.C.*, 49,852, p. 7 (La.App. 2 Cir. 4/15/15), 163 So.3d 905, 910. Those "specific and clear procedural steps" for intrafamily adoptions are found in La.Ch.Code arts. 1243-1257. *Id.* at 907. Specifically, La.Ch.Code art. 1243.2 (emphasis added) provides, in pertinent part, actions that the trial court must take upon the filing of a petition for intrafamily adoption:

> A. Upon the filing of a petition, **the court shall immediately issue <u>both</u>** of the following orders:
>
> (1) That the local sheriff or the office of state police, Louisiana Bureau of Criminal Identification and Information, conduct a records check for all federal arrests and convictions and all state arrests and convictions for each of the prospective adoptive parents. Prospective adoptive parents shall submit a set of fingerprints to the sheriff or the office of state police.

4

(2) That the department conduct a records check for validated complaints of child abuse or neglect in this or any other state in which either of the prospective adoptive parents has been domiciled since becoming a major, involving either prospective adoptive parent.

B. Each order shall state the full name, date of birth, social security number, and former and current state of domicile since becoming a major of each prospective adoptive parent.

Thereafter, La.Ch.Code art. 1243.2(C) mandates a certificate be provided by the "sheriff or the office of state police, Louisiana Bureau of Criminal Identification and Information . . . indicating all information discovered, or that no information has been found." Louisiana Children's Code Article 1253(B)(4) and (5) then requires that the trial court consider these records at the hearing on the petition for adoption.

In *In re Warner*, 18-279 (La.App. 3 Cir. 9/26/18), 256 So.3d 342, this court held that an adoption must be vacated and remanded where the appellate record did not contain the certificate required by La.Ch.Code art. 1243.2. This court did order a supplemental record to determine whether these records were introduced into evidence, but the district clerk of court's search returned empty handed. The clerk of court's affidavit stated, "[a]fter a diligent search, there are no exhibits or background checks that were **introduced into evidence**, therefore; the supplemental record is being forwarded . . . absent of these pleadings." *Id*. at 344 (emphasis added). Thus, this court did not consider the merits of the four assignments of error on appeal due to this deficiency and concluded "the adoption must be nullified, and the case remanded." *Id*.

In an Order dated December 17, 2019, the Jefferson Davis Parish Sheriff's Office in this case was ordered to "conduct a criminal records search on [W.H.] (DOB: . . . )(SSN: . . . ), and provide a certificate to the Court indicating all

5

information discovered or that no such information has been found." The Order did not require W.H. to submit a set of fingerprints to the Sheriff's Office or state police, nor did it require the department to "conduct a records check for validated complaints of child abuse or neglect in this or any other state[.]" La.Ch.Code art. 1243.2(A)(2). Additionally, the Order did not provide W.H.'s "former and current state of domicile since becoming a major[.]" La.Ch.Code art. 1243.2(B). Therefore, the procedural requirements of La.Ch.Code art. 1243.2 were not met.

As to the results of the criminal records search that was ordered, W.H. asserts in brief that "contained in the original record submitted to this Court, the Jefferson Davis Parish Sheriff's Office conducted and submitted the record check of [W.H.] to the trial court[.]" N.B. also concedes that the Sheriff "did conduct a background search on petitioner and further provided a certificate to the trial court regarding the results of that search." We note that such record check and certificate do not appear in our appellate record. Regardless, neither were introduced into evidence at the adoption hearing for the consideration of the trial court.

Accordingly, because the December 17, 2019 Order does not contain all requirements of La.Ch.Code art. 1243.2 and because the certificate or report of any criminal records and a report of any validated complaints of child abuse or neglect were not submitted as evidence at the adoption hearing, the procedural requirements for adoption were not met. The failure to comply with La.Ch.Code arts. 1243.2 and 1253(B)(4) requires the adoption be nullified, and the case remanded. *In re Warner*, 256 So.3d 342.

**DECREE:**

After a review of the record, the trial court's judgment granting W.H.'s petition for intrafamily adoption is vacated. This matter is remanded to the trial court for proceedings consistent with the Children's Code and this opinion. Appellee, W.H., is cast with all costs of this appeal.

**JUDGMENT VACATED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.