Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,807-JAC

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

IN RE: KAITLYN LAYNE BOYD COBB
APPLYING FOR INTRA FAMILY
ADOPTION OF A.E.C.

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of West Carroll, Louisiana
Trial Court No. A-332

Honorable John Clay Hamilton, Judge

* * * * *

| | |
|---|---|
| BARRY W. DOWD, A.P.L.C.<br>By: Barry W. Dowd | Counsel for Intervenor-<br>Appellant, Shelby<br>Danyell Smith |
| THE LOWERY LAW FIRM<br>By: Scotty W. Lowery | Counsel for Appellee,<br>Kaitlyn Layne Boyd<br>Cobb |

* * * * *

Before PITMAN, STONE, and STEPHENS, JJ.

**PITMAN, J**.

Shelby Danyell Smith appeals the trial court's granting of Kaitlyn Layne Boyd Cobb's petition for intrafamily adoption. For the following reasons, we vacate the judgment of the trial court and remand for further proceedings.

**FACTS**

On December 21, 2021, Kaitlyn Cobb filed a petition for intrafamily adoption. She wished to adopt her stepdaughter A.E.C., who is the daughter of her husband Landon Cobb and Shelby Smith. Kaitlyn alleged that Shelby failed to support, communicate or attempt to communicate with A.E.C. for a period in excess of six months, without just cause; and, therefore, Shelby's consent may be dispensed with pursuant to La. Ch. C. art. 1245. Landon consented to the adoption.

On December 21, 2021, the trial court ordered that a copy of the petition and its exhibits be served upon Shelby and set the matter for a "pretrial scheduling hearing" in chambers on February 14, 2022.

On January 4, 2022, a citation on rule was served on Shelby. It stated that she was "summoned to comply with the prayer of the petition and order . . . and to show cause, on February 14, 2022 . . . why: petition for intra-family adoption, exhibits, verification affidavit, exhibits, affidavit of consent and order."

At the February 14, 2022 hearing, the Cobbs were represented by counsel and Shelby was unrepresented. Counsel for the Cobbs stated that Shelby was served on January 4, 2022, and failed to file an answer within 15 days of service. Counsel stated that due to this failure, Shelby waived any opposition to the petition and could not present an opposition pursuant to La.

Ch. C. art. 1247. Counsel stated that her participation could be dispensed with and that the trial court could move to a hearing on the adoption. Shelby responded that she did not know she was supposed to file a written opposition. The trial court stated that, out of an abundance of caution, it would allow the Cobbs' counsel to put on a case and allow Shelby to respond. The trial court notified Shelby that her consent to the adoption was not necessary. Kaitlyn and Landon testified. Shelby made a statement and was questioned by the Cobbs' counsel and the trial court. The trial court determined that it was in the best interest of A.E.C. for the adoption to move forward and granted the adoption of A.E.C. to Kaitlyn.

On February 14, 2022, the trial court filed a final decree of adoption and declared, for all legal purposes, A.E.C. to be the child of Kaitlyn, to the same extent as if she had been born of the marriage between Kaitlyn and Landon.

On February 24, 2022, Shelby, now represented by counsel, filed a motion to enroll and to examine and copy the suit record. She noted that she received the citation that stated she was to show cause on February 14, 2022, but it did not say there would be a hearing and/or trial on that date. She also received the December 21, 2021 petition and order and noted that the order set the matter for a "pretrial scheduling hearing." She stated that nothing she received indicated that she was required to provide a response within 15 days. She also stated that she had not received a written judgment.

On March 5, 2022, the February 14, 2022 judgment was served on Shelby. She now appeals that judgment.

2

In her first assignment of error, Shelby argues that the trial court abused its discretion and was clearly wrong when it decreed the intrafamily adoption when she was not given the special adoption notice required by La. Ch. C. art. 1247. She states that she did not receive this notice and, therefore, did not know she was required to respond within 15 days.

Kaitlyn argues that the trial court did not err in dispensing with Shelby's consent due to her failure to timely file a written opposition and also did not err in granting the adoption. She notes that Shelby was personally served with the petition but did not file a written opposition or answer as required by La. Ch. C. art. 1244.1.

The Louisiana Children's Code sets forth very specific and clear procedural steps to be followed in an intrafamily adoption. *In re B.J.C.*, 49,852 (La. App. 2 Cir. 4/15/15), 163 So. 3d 905. Adoption statutes are in derogation of the natural right of the parent and must be strictly construed. *Id*.

La. Ch. C. art. 1247(A) sets forth the specific wording of the notice that "shall" be served on "on every parent whose consent to the adoption is required . . . and whose parental rights have not been terminated by a court of competent jurisdiction." The notice states:

Notice

Louisiana law provides that under certain circumstances your consent to the adoption of your child may be dispensed with and you can permanently lose your rights as a parent by final decree of adoption. An intrafamily adoption petition has been filed requesting the court to grant an adoption and terminate your parental rights to your child. A copy of the petition is attached to this notice. If you do not file a written answer stating your opposition to the adoption within fifteen days of receiving this notice you will lose the right to object to the

adoption. If you choose to file a written answer stating your opposition to the adoption you must file it with the clerk of court at _____. Only if you file an answer stating your opposition to the adoption will you have an opportunity to present your opposition to the adoption. If you file an answer stating your opposition, the court will set a hearing, and you will receive notice of the hearing of your opposition.

If you do not file an answer stating your opposition, and if the court at the adoption hearing finds that the facts set out in the petition are true and that adoption is in the best interests of your child, the court can enter a judgment ending your rights to your child. If the judgment terminates your parental rights, you will no longer have any rights to visit or to have custody of your child or make any decisions affecting your child, and your child will be legally freed to be adopted.

This is a very serious matter. You should contact an attorney immediately so that he or she can help you determine your rights. You have the right to hire an attorney and to have him or her represent you. If you cannot afford to hire an attorney and you oppose the adoption, your answer stating your opposition may request that the court determine if you have the right to have an attorney appointed. If you have filed an answer stating your opposition, whether or not you decide to hire an attorney, you will have the right to attend the hearing of your case, to call witnesses on your behalf, and to question those witnesses brought against you.

You may call the telephone number on the attached form for information concerning free legal aid. If you have any questions concerning this notice, you may call the telephone number of the clerk's office which is _____.

In this case, Shelby was served with notice of the pretrial conference and Kaitlyn's petition; but she was not served with the notice required by La. Ch. C. art. 1247, which clearly requires that the party whose parental rights are sought to be terminated *shall* be served the notice set forth therein. The record reflects neither waiver of this notice by Shelby nor that her parental rights had been terminated.

Accordingly, this assignment of error has merit. This determination pretermits discussion of Shelby's remaining assignments of error.

4

## CONCLUSION

For the foregoing reasons, we vacate the judgment of the trial court that granted Kaitlyn Layne Boyd Cobb's petition for intrafamily adoption. We remand this matter for proceedings consistent with the Louisiana Children's Code. Costs of this appeal are assessed to Kaitlyn Layne Boyd Cobb.

**JUDGMENT VACATED; REMANDED.**